IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, a Minor, by her FATHER and Next Friend, MATTHEW M. HSIEH,<br>　　　Plaintiff, | :<br>:<br>: |
| v. | : Civil Action No. 0003766-06 |
| CONSOLIDATED ENGINEERING SERVICES, INC.,<br>　　　Defendant and<br>　　　Third-Party Plaintiff, | :<br>:<br>:<br>: |
| v. | : |
| GENERAL SERVICES ADMINISTRATION,<br>　　Serve: General Services Administration<br>　　Office of Regional Counsel<br>　　7th & D Streets, SW Suite 7048<br>　　Washington, DC 20047<br><br>and<br>UNITED STATES OF AMERICA,<br>　　Serve:<br>　　　Attorney General<br>　　　United States of America<br>　　　Department of Justice Rm B-112<br>　　　10th Street & Constitution Avenue, NW<br>　　　Washington, DC 20520<br>　　　　and<br>　　　Civil Process Clerk<br>　　　United States Attorney for the<br>　　　District of Columbia<br><br>　　　Third-Party Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**THIRD PARTY COMPLAINT**

Pursuant to Superior Court Rule 14(a), Defendant/Third Party Plaintiff, Consolidated Engineering Services, Inc. ("CES"), by and through its undersigned attorney, hereby states the

following as its Third Party Complaint against Third Party Defendants, United States of America ("United States") and General Services Administration ("GSA"):

1. This court may exercise jurisdiction over the subject matter of this suit pursuant to D.C. Code § 11-921 and 28 U.S.C. §§ 1346(b) and 2671 et seq.

2. This court may exercise in personam jurisdiction over the Third Party Defendants pursuant to DC Code §13-423 in that at all material times, the Third Party Defendants owned property, transacted business, contracted supply services and/or caused injury in the District of Columbia by an act or omission in the District of Columbia.

3. CES has been made a Defendant to this action by a Complaint filed by Plaintiff Natalie T. Hsieh, a Minor and by her Father and Next Friend, Matthew M. Hsieh ("Plaintiff Hsieh"), seeking damages for injuries, losses and expenses allegedly sustained as a result of an accident which took place on or about September 11, 2004, as explained more fully in the Complaint attached hereto as "Exhibit A."

4. CES filed an Answer to Plaintiff Hsieh's Complaint on June 20, 2006, attached hereto as "Exhibit B."

5. Third Party Defendants, United States and/or GSA, own and are primarily responsible for the operation of the "steam distribution center." Plaintiff Hsieh alleges in her Complaint that she was injured from steam which emitted from a manhole that is part of the steam distribution center (Manhole 42).

6. Third Party Defendants United States and/or GSA are also primarily responsible for supervising, overseeing and ensuring quality assurance on the repair and maintenance of the steam distribution center.

7. CES obtained a contract for the repair and maintenance of the steam distribution center on or about August 31, 2004, or less than two weeks prior to the occurrence that is the subject of Plaintiff Hsieh's Complaint.

8. On the occasion which is the subject of this lawsuit, Third Party Defendants United States and/or GSA owed a duty of care to Plaintiff Hsieh and were negligent in the following respects:

   a. Third Party Defendants United States and/or GSA were aware of problems of water leaking into the steam distribution center at the location of the accident that is the subject of this lawsuit (Manhole 42), for at least two years prior to said accident..

   b. Third Party Defendants United States and/or GSA negligently failed to repair and/or follow up on the existence of the water leakage problem at this location both prior to and after Defendant CES obtained the contract for the repair and maintenance of the steam contribution center.

   c. Third Party Defendants United States and/or GSA were negligent in their responsibility to oversee, supervise and provide quality assurance for the maintenance and repair work on the steam distribution center they own and operate.

   d. Such negligent actions stated in paragraphs (a) through (c) above, on the part of Third Party Defendants United States and/or GSA, were the direct and proximate cause of the injuries set forth by Plaintiff Hsieh in her Complaint.

9. Third Party Defendants United States and/or GSA have waived their sovereign immunity for such negligent acts pursuant to the provisions of the Federal Tort Claims Act. 28 U.S.C. § 2674.

10. Presentation of an administrative claim to the appropriate government agency is not required before filing a third party action. 28 U.S.C. §2675 (a).

WHERFORE, Defendant CES prays that the Court enter judgment against Third-Party Defendants, the United States and/or GSA:

(a) for all sums that may be adjudged against Defendant CES in favor of Plaintiff Hsieh;

(b) for any and all attorney fees incurred by Defendant CES with this suit, as may be permitted by law; and or expressly provided by contract;

(c) for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

_____

William J. Hickey, Esq.  928945
Law Office of William J. Hickey
33 Wood Lane
Rockville, Maryland 20850
(301) 424-6300
Attorney for Defendant CES

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of June, 2006, the foregoing was sent to:

Counsel for Plaintiff Hsieh
Robert B. Adams, Esquire
Gammon & Grange, P.C.
8280 Greensboro Drive
7th Floor
McLean, Virginia 22102
* via regular mail

General Services Administration
Office of Regional Counsel
7th & D Streets, SW Suite 7048
Washington, DC 20047
*via certified mail

Attorney General
United States Department of Justice
Room B-112
10th Street & Constitution Avenue, NW
Washington, DC 20520
*via certified mail

Civil Process Clerk
US Attorney's Office for the District of Columbia
555 4th Street, NW
Washington, DC  20530
*via certified mail

_____
William J. Hickey, Esq., 928945