## IN THE UNITED STATED DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATALIE T. HSIEH, a minor, by her FATHER   :
and NEXT Friend, MATTHEW M. HSIEH   :
           :
      Plaintiff,           :
           :
    v.               :    Case No.: 1:06-cv-01218-CKK
           :
CONSOLIDATED ENGINEERING    :
SERVICES, INC.          :
           :
    and            :
           :
UNITED STATES OF AMERICA     :
           :
    Serve: Attorney General     :
    United States of America    :
    Department of Justice Rm B-112   :
    10th Street & Constitution Avenue, NW  :
    Washington, DC 20520     :
        and         :
    Civil Process Clerk      :
    United States Attorney for the   :
    District of Columbia     :
           :
    and            :
           :
GENERAL SERVICES ADMINISTRATION  :
           :
    Serve: General Services Administration  :
    Office of Regional Counsel   :
    7th & D Streets, SW Suite 7048   :
    Washington, DC 20047     :
           :
      Defendants.       :

### AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Natalie T. Hsieh, a

Minor, by her father and next friend, Matthew M. Hsieh, hereby states the following as its Amended

Complaint against Defendants Consolidated Engineering Services, Inc. ("Consolidated"), United

States of America ("United States"), and General Services Administration ("GSA") (collectively "Defendants"):

1.    This Court may exercise jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. §§ 1346(b) and 2671 *et seq.*

2.    This Court may exercise in personam jurisdiction over the Defendants in that at all material times, the Defendants either owned property, transacted business, contracted supply services, provided supply services, and/or caused injury in the District of Columbia by an act or omission in the District of Columbia.

3.    Defendants United States and/or GSA have waived their sovereign immunity for the allegations complained of herein pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2674.

4.    Matthew M. Hsieh is the father and next friend of Natalie T. Hsieh, date of birth July 14, 2001, who is a Minor.

5.    That on September 11, 2004, Matthew M. Hsieh was pushing his then three year old daughter Natalie Hsieh in a stroller over a grate in the sidewalk at or near the corner of 10th Street and Pennsylvania Avenue, NW in the District of Columbia.

6.    That at the aforesaid time and place Natalie Hsieh sustained severe burns when struck by steam or some other extremely hot, vaporous material that was emitted from the grate.

7.    That on November 3, 2004, counsel for Plaintiffs notified the Office of General Counsel, United States General Services Administration, via letter, of the injuries to Natalie Hsieh.

8.    That on November 1, 2005, counsel for Plaintiffs filed the Standard Form 95, Claim for Damage, Injury, or Death with defendant GSA, pursuant to The Federal Tort Claims Act, 28 U.S.C. §§2671 *et seq.*

9.      That on March 31, 2006, defendant GSA notified, via letter, counsel for Plaintiffs that defendant GSA was denying the claims of Plaintiffs and informing Plaintiffs that "maintenance and repair services for the Steam Distribution Complex are performed by Consolidated Engineering Services."

10.     That, upon information and belief, the defendant Consolidated was at the time of the incident complained of herein responsible for the maintenance and repair of the steam distribution complex ("Steam Distribution Complex") from which the steam and/or other vaporous material that is involved herein was emitted and from which Natalie Hsieh sustained severe burns.

11.     United States and/or GSA, own and are responsible for the operation of the Steam Distribution Complex from which the steam and/or other vaporous material that is involved herein was emitted and from which Natalie Hsieh sustained severe burns.

12.     Alternatively, United States and/or GSA are also responsible for supervising, overseeing and ensuring quality assurance on the repair and maintenance of the Steam Distribution Complex from which the steam and/or other vaporous material that is involved herein was emitted and from which Natalie Hsieh sustained severe burns.

13.     Upon information and belief, Consolidated obtained a contract for the repair and maintenance of the Steam Distribution Complex on or about August 31, 2004.

14.     Upon information and belief, Consolidated, United States and/or GSA were aware of problems of water leaking into the Steam Distribution Complex for a period of time in excess of one month prior to the accident.

15.     That the incident described above and Natalie Hsieh's resulting personal injuries and other compensable damages were directly and proximately caused by the negligence of Consolidated, United States, and/or GSA's servants, agents, and/or employees acting within the scope of their

employment or agency with the Defendants in their failure to have exercised the degree of care required of them in the circumstances presented in the maintenance and repair of the Steam Distribution Complex so as to have prevented Natalie Hsieh from being injured in the manner that she was, and/or by their failure to have provided her father and other properly in the vicinity with a warning of the dangerous or potentially dangerous condition that then existed that was neither open nor obvious to Matthew Hsieh and of which he was otherwise unaware and of which the Defendants were aware or in the  exercise of due care should have been aware, and that the Defendants failed to repair and/or follow up on the existence of the water leakage problem at the Steam Distribution Complex both prior to and after Consolidated obtained the contract for repair and maintenance of the Steam Distribution Complex.

16.     That, as a direct and proximate result of the aforesaid negligence of the Defendants, and/or their respective servants, agents, and/or employees acting within the scope of their employment or agency with the Defendants, for which is in the circumstances presented liable pursuant to the legal theory of **respondeat superior**, Natalie Hsieh has sustained damages for which the law entitles her to redress.  Among these damages, but not limited to them, are:

(a)     severe personal injuries;

(b)     medical expenses, including, but not limited to, doctors, hospital, nursing, medication, therapy, and rehabilitation expenses;

(c)     great physical pain, suffering, and disfigurement;

(d)     mental anguish;

(e)     inconvenience and discomfort;

(f)     temporary and permanent impairment and disability, both physical and mental.

WHEREFORE, Plaintiff prays that judgement be entered against the Defendants jointly and severally for compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000) together with expenses and costs incurred herein, pre and post judgment interest and any and all other legal and equitable relief to which Plaintiffs may be found to be entitled.

The Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

Natalie T. Hsieh, a Minor,
by her father and next friend,
Matthew M. Hsieh

GAMMON & GRANGE, P.C.

Robert B. Adams, DC Bar No. 189519
Timothy R. Obitts, DC Bar No. 478470
8280 Greensboro Drive, 7th Flr.
McLean, Virginia 22102
(703) 761-5000
(703) 761-5023 (facsimile)
Attorneys for Plaintiff