# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Natalie T. Hsieh, a Minor, by her Father And Next Friend, Matthew M. Hseih<br>　　　Plaintiff,<br><br>　　　　v.<br><br>Consolidated Engineering Services, Inc.<br>　　　Defendant and<br>　　　Third-Party Plaintiff<br><br>　　　　v.<br><br>General Services Administration,<br>And United States of America<br>　　　Third Party Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No: 06cv1218 (CKK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FEDERAL DEFENDANTS' ANSWER TO THIRD-PARTY COMPLAINT

COMES NOW Federal Defendants, General Services Administration ("GSA") and the United States, and in answer to the individually-numbered paragraphs of Defendant/Third-Party Plaintiff's complaint, responds to the above-captioned matter as follows:

## FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff may be found to have sustained any injuries or damages, those alleged injuries or damages were proximately cause by the intervening, joint, and/or superceding acts and/or omissions of persons or entities other than an employee or agency of the United States and were not caused by any acts and/or omission of any employee or entity of the United States.

## SECOND AFFIRMATIVE DEFENSE

Defendant/Third-Party Plaintiff's complaint against the Federal Defendants should be dismissed because any and all damages sustained were due to Plaintiff's fault, contributory negligence and/or assumption of the risk.

## THIRD AFFIRMATIVE DEFENSE

Defendant/Third-Party Plaintiff's complaint against the Federal Defendants should be dismissed for failure to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Federal Defendants herein incorporate by reference, as if fully stated, all of the defenses previously stated and answer the specifically-numbered paragraphs and prayer for relief as follows:

1. Paragraph 1 sets forth the jurisdictional allegations, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

2. Paragraph 2 sets forth the jurisdictional allegations, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

3. Paragraph 3 sets forth the jurisdictional allegations, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

4. Paragraph 4 sets forth the jurisdictional allegations, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

5. Federal Defendants admit that the GSA owns the Heating, Operation, and Transmission District Steam Distribution Complex which is responsible for steam distribution. Federal Defendants lack sufficient information to admit or deny the allegation that GSA is primarily responsible for operation of the "steam distribution center" as that allegation is vague. Federal Defendants aver that independent contractors are responsible for the repair and maintenance of the steam distribution system.

6. Federal Defendants deny that GSA is primarily responsible for supervising or overseeing the repair and maintenance of the steam distribution center. Federal Defendants admit that GSA ensures quality assurance in accordance with the independent contractor's quality control plan for the repair and maintenance of the steam distribution system.

7. Federal Defendants admit that the contract for repair and maintenance of the steam distribution tunnel was modified and a novation was signed, effective August 30, 2004, such that the contract was thereafter to be performed by CES. Federal Defendants admit that the effective date of the contract with CES was less than two weeks prior to the occurrence that is the subject of Plaintiff Hseih's Complaint.

8. Paragraph 8 consists of conclusions of law to which no answer is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

  a. Federal Defendants deny the allegations of this paragraph.

  b. Paragraph 8b consists of conclusions of law to which no answer is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

      c.      Paragraph 8c consists of conclusions of law to which no answer is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

      d.      Paragraph 8d consists of conclusions of law to which no answer is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

9.      Paragraph 9 sets forth the jurisdictional allegations, not averments of fact to which an answer is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

10.      Paragraph 10 sets forth the jurisdictional allegations, not averments of fact to which an answer is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

The unnumbered paragraphs following paragraph 10 contain a prayer for relief, to which no response is required, but to the extent that any answer may be deemed required, Federal Defendants deny that Defendant/Third Party Plaintiff is entitled to the relief requested or to any relief whatsoever.

Federal Defendants deny all other allegations of the Third Party Complainant not hereinbefore otherwise answered and deny that Third Party Complainant is entitled to any relief.

WHEREFORE, the Federal Defendants pray that the Court dismiss this action with prejudice, that Third Party Complainant take nothing by this action, for Federal Defendants' costs herein, and for such other relief that the Court deems just and proper.

Respectfully submitted,


   s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


   s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


   s/
KAREN L. MELNIK, D.C. BAR # 436451
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338