THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OFCOLUMBIA

Civil Division

| | |
|---|---|
| NATALIE T. HSEIH | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : Case No: 1:06-cv-01218-CKK |
| | : |
| | : |
| CONSOLIDATED ENGINEERING SERVICES, INC. | : |
| | : |
| | : |
| Defendant | : |

**ANSWER TO AMNDEDED COMPLAINT**

COMES NOW the Defendant, Consolidated Engineering Services, Inc., by and through its counsel, William J. Hickey, Esquire of the Law Offices of William J. Hickey, and for its Answer to the Complaint filed by the Plaintiffs herein states as follows:

**First Defense**

The Complaint fails to state a cause of action against Defendant and should be dismissed.

**Second Defense**

1. The Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

2. The Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

3. The Defendant admits the allegations of Paragraph 3 of the Complaint.

4. The Defendant admits the allegations of Paragraph 4 of the Complaint.

5. The Defendant denies the allegations of Paragraph 5 of the Complaint.

6. The Defendant denies the allegations of Paragraph 6 of the Complaint.

7. The Defendant denies the allegations of Paragraph 7 of the Complaint.

8. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 8 and can neither admit nor deny at this time.

9. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 9 and can neither admit nor deny at this time.

10. The Defendant denies the allegations of Paragraph 10 of the Complaint.

11. The Defendant admits the allegations of Paragraph 11 of the Complaint.

12. The Defendant admits the allegations of Paragraph 12 of the Complaint.

13. The Defendant denies the allegations of Paragraph 13 of the Complaint.

14. The Defendant denies the allegations of Paragraph 14 of the Complaint.

15. The Defendant denies the allegations of Paragraph 15 of the Complaint.

16. The Defendant denies the allegations of Paragraph 16 of the Complaint.

### Third Defense

Defendant affirmatively asserts the defense of the statute of limitations as to each and every allegation and count of the Complaint.

### Fourth Defense

Defendant pleads and avers the affirmative defense of estoppel.

### Fifth Defense

Defendant pleads and avers the affirmative defense of Release

### Sixth Defense

Defendant asserts the Plaintiff failed to mitigate damages.

### Seventh Defense

Defendant pleads and avers the affirmative defense of contributory negligence.

### Eighth Defense

Defendant pleads and avers the affirmative defense of the assumption of the risk.

### Ninth Defense

The Defendant pleads and avers that the injuries and damages alleged by the Plaintiffs were the result of independent and/or intervening acts over which Defendant had no control or responsibility.

### Tenth Defense

Plaintiffs lack standing to bring this action.

### Eleventh Defense

Plaintiffs have failed to satisfy conditions precedent to sustain this action.

### Twelfth Defense

The Plaintiffs lack privity with Defendant and as a consequence Defendant owed neither duty nor responsibility to Plaintiffs for any consequential or personal injuries.

Defendant reserves the right to further amend this Answer as discovery develops.

1. **CROSS CLAIM AGAINST DEFENDANT AND CROSS DEFENDANT GENERAL SERVICES ADMINISTRATION (GSA) AND THE UNITED STATES.**

COMES NOW the Defendant, Consolidated Engineering Services, Inc., by and through its counsel, William J. Hickey, Esquire of the Law Offices of William J. Hickey, and

as a result of Plaintiff's Amended Complaint joining GSA as a Defendant in this action, files its Cross Claim herein against GSA incorporating fully the allegations contained in the Third Party Complaint previously filed stating as follows:

    1. Each and every allegation of the Defendant's Third Party Complaint is hereby adopted and incorporated herein by reference as its Cross Claim against the Defendant and Co-Defendant, General Services Administration (GSA) and the United States.

    2. Cross-Plaintiff herein has denied anything that they did or failed to do caused injury or damage to the Plaintiffs. Nevertheless, to the extent Plaintiffs' causes of action have any merit; Cross-Plaintiff is entitled to indemnification and/or contribution from Cross Defendant.

    WHEREFORE, Cross-Plaintiff is entitled to indemnification and/or contribution to any or all damages that may be imposed upon the Defendant/Cross-Plaintiff and further request that this Honorable Court to issue an order:

    (A) Entering judgment in favor of the Cross-Plaintiff against each of the Cross-Defendant;

    (B) Granting Cross-Plaintiff compensatory and consequential damages against each of the Cross-Defendant in amounts to be determined at trial;

    (C) Awarding Cross Plaintiff reasonable attorneys' fees and costs;

    (D) Awarding in favor of the Cross-Plaintiff Cross-Defendant contribution for any sum awarded to Plaintiff against this Cross-Plaintiff in this action;

    (E) Awarding judgment in favor of these Cross-Plaintiff against each Cross-Defendant for indemnification for any sum awarded to Plaintiff against this Cross-Plaintiff;

    (F) Awarding Cross-Plaintiff such further relief as this Court deems just and proper.

                Respectfully submitted,
                Law Offices of William J. Hickey

                _____
                William John Hickey, Bar No: 928945
                Counsel for the Defendants
                33 Wood Lane
                Rockville, Maryland 20850
                301-424-6300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th th day of August, 2006, I mailed, postage prepaid to the foregoing:

Robert B. Adams, Esquire
Gammon & Grange, P.C.
8280 Greensboro Drive
7th Floor
McLean, Virginia 22102

Karen L. Melnik, Esquire
Assistant US Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530

                _____
                William John Hickey