UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Natalie T. Hsieh, a Minor, by her Father And Next Friend, Matthew M. Hseih<br>　　　Plaintiff,<br><br>　　　v.<br><br>Consolidated Engineering Services, Inc.<br>　　　Defendant and<br>　　　Third-Party Plaintiff<br><br>　　　v.<br><br>General Services Administration,<br>And United States of America<br>　　　Third Party Defendants. | Civil Action No: 06cv1218 (CKK) |

**FEDERAL DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

COMES NOW Federal Defendants, General Services Administration ("GSA") and the United States, and in answer to the individually-numbered paragraphs of Plaintiff's complaint, respond to the above-captioned matter as follows:

**FIRST AFFIRMATIVE DEFENSE**

To the extent that Plaintiff may be found to have sustained any injuries or damages, those alleged injuries or damages were proximately cause by the intervening, joint, and/or superceding acts and/or omissions of persons or entities other than an employee or agency of the United States, and were not caused by any acts and/or omission of any employee or entity of the United States.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's complaint against the Federal Defendants should be dismissed because any and

all damages sustained were due to Plaintiff's fault, contributory negligence and/or assumption of the risk.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint against the Federal Defendants should be dismissed for failure to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is limited to the sum certain amount of $175,000 presented in the administrative complaint.

### FIFTH AFFIRMATIVE DEFENSE

Federal Defendants herein incorporate by reference, as if fully stated, all of the defenses previously stated, and answer the specifically-numbered paragraphs and prayer for relief as follows:

1. Paragraph 1 sets forth the jurisdictional allegations, not averments of fact to which an answer is required.  To the extent a response is required, the allegations are denied.

2. Paragraph 2 sets forth the jurisdictional allegations, not averments of fact to which an answer is required.  To the extent a response is required, the allegations are denied.

3. Paragraph 3 sets forth the jurisdictional allegations, not averments of fact to which an answer is required.  To the extent a response is required, the allegations are denied.

4. Federal Defendants have insufficient information to admit or deny the allegations of paragraph 4.

5. Federal Defendants have insufficient information to admit or deny the allegations of paragraph 5.

6. Federal Defendants have insufficient information to admit or deny the allegations of

paragraph 6.

7.	Federal Defendants have insufficient information to admit or deny the allegations of paragraph 7.

8.	Federal Defendants admit the allegations of paragraph 8.

9.	Federal Defendants admit the allegations of paragraph 9.

10.	Federal Defendants admit that Consolidated Engineering Services, Inc. was at the time of the incident complained of herein responsible for the maintenance and repair of the Heating, Operation, and Transmission District Steam Distribution Complex. Federal Defendants have insufficient information to admit or deny the remaining allegations of paragraph 10.

11.	Federal Defendants admit that the GSA owns the Heating, Operation, and Transmission District Steam Distribution Complex which is responsible for steam distribution. Federal Defendants have insufficient information to admit or deny the remaining allegations of paragraph

12.	Federal Defendants deny that the United States and/or GSA are responsible for supervising or overseeing the repair and maintenance of the Steam Distribution Complex. Federal Defendants admit that GSA ensures quality assurance in accordance with the independent contractor's quality control plan for the repair and maintenance of the steam distribution system. Federal Defendants have insufficient information to admit or deny the remaining allegations of paragraph

13.	 Federal Defendants admit that Consolidated Engineering Service, Inc. entered into a contract with GSA for repair and maintenance of the Steam Distribution Complex, effective August 30, 2004.

14.	Federal Defendants lack sufficient information to admit or deny the allegations of paragraph 14 as the allegation is vague and does not admit of an answer.

15.     Paragraph 15 consists of conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

16.     Paragraph 16 consists of conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

The unnumbered paragraphs following paragraph 16 contain a prayer for relief, to which no response is required, but to the extent that any answer may be deemed required, Federal Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever. Federal Defendants deny all other allegations of the Plaintiff not hereinbefore otherwise answered and deny that Plaintiff is entitled to any relief.

WHEREFORE, the Federal Defendants pray that the Court dismiss this action with prejudice, that Plaintiff take nothing by this action, for Federal Defendants' costs herein, and for such other relief that the Court deems just and proper.

Respectfully Submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

_____/s/_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm. E-4112
Washington, D.C.  20530
(202) 307-0338