UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, a minor, by her FATHER and NEXT Friend, MATTHEW M. HSIEH : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CONSOLIDATED ENGINEERING : <br> SERVICES, INC., et al. : <br> Defendants. : | <br><br><br><br><br>Case No.: 1:06-cv-01218-CKK<br><br>Initial Scheduling Conference<br>October 11, 2006, 10:00 am<br> |

## STATEMENT OF PARTIES PURSUANT TO LCvR 16.3(d)

Pursuant to LCvR 16.3(d), undersigned counsel for plaintiff Natalie T. Hsieh, a minor, by her Father and Next Friend, Matthew M. Hsieh, M.D. ("Hsieh") and defendants Consolidated Engineering Services, Inc. ("CESI") and Government Services Administration/United States of America ("GSA") conducted a telephone conference on September 25, 2006 as required by LCvR 16.3(a). As a result of such conference, the parties request the Court to enter the attached Proposed Scheduling Order in connection with this matter. For the Court's convenience, the following are the parties and their respective counsel:

| **Party** | **Counsel** |
|---|---|
| Plaintiff: | |
| Hsieh | Robert B. Adams <br> Timothy R. Obitts |
| Defendants: | |
| CESI | William J. Hickey |
| GSA | Karen L. Melnik |

**Plaintiff's Statement of the Case**

On or about September 11, 2004, at approximately 2:00 pm, Natalie Hsieh, a three year old, was being pushed by her father, Matthew Hsieh, M.D. in a stroller on the sidewalk at or near the corner of 10th Street and Pennsylvania Avenue, NW in the District of Columbia, in front of the FBI headquarters. In the middle of the sidewalk were grates or manholes that are part of the Heating Operation and Transmission District (HOTD) Steam Distribution Complex (SDC), which is owned and under the control of defendant GSA. That at the aforesaid time and place, Natalie Hsieh was severely burned, when the stroller that she was in went over Manhole 42 of the HOTD/SDC. Natalie Hsieh was burned by some vaporous material or steam that emitted from Manhole 42. An ambulance was called by the FBI police and Natalie Hsieh was taken to the emergency department at Children's National Medical Center. She suffered first and second degree burns over approximately 9% of her total body surface, which required skin grafting surgery and extended treatment by the Burn Clinic at Children's National Medical Center. As a result of the injuries, Natalie Hsieh is disfigured by the discoloration and scarring caused by the burns and the resulting skin grafts.

Some two weeks prior to the accident, on August 31, 2004, CESI entered into a contract with GSA for the maintenance and repair of the HOTD/SDC. GSA has taken the position in the case that CESI is responsible for the injuries caused to Natalie Hsieh from the steam or vaporous material emitted from Manhole 42. CESI has taken the position that GSA knew of the problem at Manhole 42 and is responsible for the injuries caused to Natalie Hsieh.

CESI has filed a Third Party Complaint against GSA.

**Federal Defendant's Statement of the Case**

Defendant GSA/United States maintain that to the extent that Plaintiff may be found to have sustained any injuries or damages, those alleged injuries or damages were proximately caused by the

2

intervening, joint, and/or superceding acts and/or omissions of persons or entities other than an employee or agency of the United States and were not caused by any acts and/or omissions of any employee or entity of the United States. Federal Defendants and Consolidated Engineering entered into a contract on August 30, 2004, for the repair and maintenance of the Steam Distribution Complex. The Federal Defendants were not responsible for supervising or overseeing the repair and maintenance of the Steam Distribution Complex.

### Defendant CESI's Statement of the Case

This case involves a claim on behalf of a parent and child who was in a stroller being pushed by the parent on a public street in the District of Columbia. The parent pushed the stroller purposely over an open an obvious steam grate from which steam was being emitted. As a direct result of the parents actions the child allegedly sustained burns to the body. The cause of the steam being emitted from the grate on the public sidewalk is unknown. The Heating Operation and Transmission District (HOTD) Steam Distribution Complex (SDC) has been in operation almost half a century and the conditions of steam release from time to time is a fact known to most District residents.

**1.    Dispositive Motions**

There are no pending motions. The parties believe this action may be resolved by dispositive motion following discovery.

**2.    Amendments to Pleadings and Stipulations on Facts & Issues**

The parties agree that amendments to any pleadings shall be due no later then thirty (30) days after CESI and GSA answer the interrogatories and document requests of the Plaintiff.

The parties agree that through discovery they should be able to stipulate on Facts & Issues. However, at this time, the parties agree that only the following facts/issues are not in dispute and therefore hereby stipulate the same:

3

      a.  On August 30, 2004, CESI entered into a contract with GSA for the maintenance and repair of the HOTD/SDC.

**3.    Assignment to Magistrate Judge**

The parties object to this case being assigned to a Magistrate Judge for all purposes.

**4.    Possibility of Settlement**

The parties agree that a possibility for settlement exist, but that it is premature at this time, until some discovery is completed.

**5.    Mediation**

The parties agree that early Mediation in this matter is appropriate. As such, the parties have requested in the proposed Scheduling Order that Mediation be accomplished during a period of thirty (30) days, which shall begin to run ninety (90) days after the entry of the Scheduling Order.

**6.    Dispositive Motion Scheduling**

The Defendant's request that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the motion, and that any reply should be filed within 30 days of the filing of the opposition.

**7.    Initial Disclosures**

The parties agree that the Initial Disclosures pursuant to F.R.Civ. P. Rule 26(a)(1) shall occur not later than ten (10) days from the date of the Scheduling Conference.

**8.    Discovery Schedule**

The parties request 180 days to complete discovery. The Plaintiff's request forty (40) interrogatories per side. The Defendants request that interrogatories be limited to 25 per side, pursuant to Fed. R. Civ. P. 33(a). The Plaintiff requests that depositions be limited to five (5) depositions per party of fact witnesses, without further Order of the Court. The Defendants request

4

that depositions be limited to ten (10) per side.

The parties do not presently anticipate the need for Protective Order.

**9.     Expert Witness Discovery**

The Plaintiff desire for opponents' experts to be identified 30 days after proponents' expert are identified, and Defendants desire that opponents' experts be identified 45 days after proponents' experts are identified.

**10.    Class Actions**

Not Applicable.

**11.    Bifurcation**

The parties have not yet agreed whether the trial should be bifurcated.

**12.    Pretrial Conference**

The parties request that the Pretrial Conference in this matter be held within twenty (20) days after this Court's decision on any Dispositive Motion.

**13.    Trial Date Scheduling**

The parties agree that this Court should set the Trial date at the time of the Pretrial Conference.

WHEREFORE, the parties respectfully request that this Court enter the Proposed Scheduling Order submitted herewith.

Date: September 25, 2006                    Respectfully Submitted,

_____
Robert B. Adams, DC Bar No. 189515
Timothy R. Obitts, DC Bar No. 478470
Gammon & Grange, P.C.
8280 Greensboro Drive, 7TH Flr.
McLean, Virginia 22102
(703) 761-5000
Counsel for Plaintiff Hsieh

_____
William J. Hickey, DC Bar No. 928945
33 Wood Lane
Rockville, MD 20850
(301) 424-6300
Counsel for Defendant CESI


_____
Karen L. Melnik, Esq.
US Attorney's Office for DC, Civil Div.
555 Fourth Street, NW. Rm. E-4112
Washington, DC 20530
(202) 307-0338
Counsel for Defendants GSA/USA