```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
                                        :
NATALIE T. HSIEH, a Minor, by           :
her FATHER and NEXT FRIEND,             :
MATTHEW M. HSIEH, and MATTHEW           :
M. HSIEH, individually,                 :
                                        :
              Plaintiffs,               :
                                        :
                                        :
v.                                      :   Case No: 1:06-cv-01218-CKK
                                        :   Mediation January 30, 2007
                                        :
                                        :
CONSOLIDATED ENGINEERING                :
SERVICES, INC., et. al.                 :
                                        :
              Defendants.               :
```

**SECOND AMENDED COMPLAINT**

YOUR PLAINTIFFS, MATTHEW HSIEH, AS FATHER AND NEXT FRIEND OF NATALIE T. HSIEH, A MINOR, AND INDIVIDUALLY, BY COUNSEL, ASSERT:

      1.   That subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. Sections 1346(b) and 2671 **et seq**.

      2.   That **in personam** jurisdiction over the defendants exists herein by virtue of the facts that at all times material to their allegations of negligence, the defendants either owned property, transacted business, contracted supply services, provided supply services, and/or caused injury to them in the District of Columbia by acts and/or omissions in the District of Columbia.

      3.   Defendants United States of America and the General Services Administration (hereinafter "Federal

-2-

Defendants") have waived their sovereign immunity for the allegations complained of herein pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. Section 2674.

**COUNT I**

4. That Matthew M. Hsieh is the natural father and next fiend of his daughter Natalie T. Hsieh, D/B: July 14, 2001, who is a minor.

5. That on September 11, 2004 Matthew Hsieh was pushing his then three year old daughter Natalie T. Hsieh in a stroller over a grate in the sidewalk at or near the corner of 10th Street and Pennsylvania, NW in the District of Columbia.

6. That at the aforesaid time and place Natalie Hsieh sustained severe burns when struck by steam of by some other extremely hot, vaporous material that was emitted from the grate.

7. That on November 3, 2004 counsel for the plaintiffs notified the Office of General Counsel, United States General Services Administration, via letter, of the injuries to both of the plaintiffs.

8. That on November 1, 2005 counsel for the plaintiffs filed the Standard Form 95, Claim of Damage, Injury, or Death with the defendant General Services Administration, pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C.,

-3-

Sections 2671 **et seq**.

9. That on March 31, 2006 the defendant General Services Administration notified the plaintiff's counsel, vis letter, that the defendant General Services Administration was denying the plaintiffs' claims for damages and informing counsel that "maintenance and repair services for the Steam Distribution Complex are performed by Consolidated Engineering Services."

10. That, upon information and belief, the defendant Consolidated Engineering Services, Inc. (hereinafter "CESI") was at the time of the incident complained of herein contractually responsible for the inspection, maintenance and repair of the steam distribution complex (hereinafter "SDC") from which the steam and/or other vaporous material that is involved herein was emitted that caused the severe burns to Natalie.

11. That, upon information and belief, on September 11, 2004, the Federal Defendants owned and were also responsible for the inspection, repair and maintenance of the SDC from which the steam and/or other vaporous material that is involved herein was emitted and caused physical harm to Natalie Hsieh.

12. That, alternatively, upon information and belief, on September 11, 2004 the Federal Defendants were on September 11, 2004 also responsible for supervising, overseeing and ensuring quality assurance on the inspection, repair and

-4-

maintenance of the SDC from which the steam and/or vaporous material that is involved herein was emitted and by which Natlaie Hsieh was severely burned.

  13. That, upon information and belief, on or about August 31, 2004 the defendant CESI entered into a contract with the defendant General Services Administration for the inspection, repair and maintenance of the SDC that is involved in this litigation.

  14. That, upon information and belief, both the defendant CESI and the Federal Defendants were on September 11, 2004 and for several weeks prior thereto aware of problems caused by water leaking into the SDC.

  15. That the incident complained of herein and the resultant personal injuries and other damages incurred by Natalie Hsieh were directly and proximately caused by the joint and several negligence of the employees and/or agents of the defendants acting within the scope of their employment or agency with them, in their failure to have exercised the degree of care required of them in the circumstances presented in the inspection, maintenance and repair of the SDC so as to have prevented Natalie Hsieh from being injured by the emissions from the SDC through the grate on a public sidewalk and/or by their negligent failure to have provided Matthew M. Hsieh and other persons properly in the vicinity of the grate in question with a

-5-

warning of the dangerous or potentially dangerous condition thereby presented that was neither open nor obvious to them and of which Matthew Hsieh was unaware and of which the defendants' employees and/or agents were aware or which in the exercise of due care they should have been aware, and that the defendants further negligently failed to investigate the cause of and to remedy the water leakage into the SDC both prior and subsequent to the creation of the contract between the defendants General Services Administration and CESI with respect to the inspection, repair and maintenance of the SDC.

16. That, as a direct and proximate result of the aforesaid joint and several negligence of the defendants' employees and/or agents acting within the scope of their employment or agency, for which in the circumstances presented they are liable pursuant to the legal theory of **respondeat superior**, Natalie Hsieh has sustained damages for which the law entitles her to redress. Among these, but not limited to them, are:

    (a)   severe personal injuries;
    (b)   medical expenses, including, but not limited to, doctors, hospital, nursing, medication, therapy, and rehabilitation expenses;
    (c)   great physical pain, suffering, and disfigurement;
    (d)   mental anguish,;

-6-

(e) inconvenience and discomfort;

(f) temporary disability, both physical and mental.

WHEREFORE, the plaintiff Matthew M. Hsieh, as Father and Next Friend of his minor daughter Natalie T. Hsieh, respectfully requests the entry of a verdict and judgment against the defendants, jointly and severally, for compensatory damages in the full and just amount of FIVE HUNDRED THOUSAND DOLLARS, ($500,000.00), plus pre-judgment and post-judgment interest and costs, as permitted by law.

## COUNT II

17. The plaintiff Matthew M. Hsieh in his individual capacity, incorporates by reference herein the allegations set forth in paragraphs 5-15 in Count I above.

18. That, as he pushed his daughter Natalie over the sidewalk grate from which the steam and/or other extremely hot vaporous material was emitted from the SDC that is involved in this litigation on September 11, 2004, he was also severely burned.

19. That as a direct and proximate result of the joint and several negligence of the employees and/or agents of the defendants acting within the scope of their employment of agency, as set forth in part above, for which the defendants are jointly liable pursuant to the legal theory of **respondeat**

-7-

**superior**, he has sustained damages for which the law entitles him to compensation.  Among these, but not limited to them, are;

      (a)   severe personal injuries;

      (b)   medical expenses, including doctors, hospitals, nursing, medication, therapy and rehabilitation expenses;

      (c)   a loss of earnings and earning capacity;

      (d)   disfigurement;

      (e)   great physical pain and suffering;

      (f)   inconvenience and discomfort, and;

      (g)   temporary total disability and permanent partial disability, both physical and emotional.

WHEREFORE, the plaintiff Matthew M. Hsieh, individually, respectfully requests the entry of a verdict and judgment against the defendants, jointly and severally, for compensatory damages in the full and just amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), plus pre-judgment and post-judgment interest and costs, as allowed by law.

The plaintiffs respectfully demand a trial by jury of their claims against the defendant Consolidated Engineering Services, Inc.

                                                      _____
                                                      Plaintiffs, by counsel

-8-

GAMMON & GRANGE, P.C.
8280 Greensboro Drive, 7th Floor
McLean, Virginia 22102
(703) 761-5000


_____/s/_____
Robert B. Adams
Timothy R. Obitts
Counsel for Plaintiff