UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Natalie T. Hsieh, a Minor, by her Father and Next Friend, Matthew M. Hseih and Matthew M. Hseih, individually,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Consolidated Engineering Services, Inc., et al.<br><br>Defendants. | Civil Action No: 1:06-CV-01218-CKK |

**FEDERAL DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

COMES NOW Federal Defendants, General Services Administration ("GSA") and the United States, and in answer to the individually-numbered paragraphs of Plaintiff's complaint, respond to the above-captioned matter as follows:

**FIRST AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs may be found to have sustained any injuries or damages, those alleged injuries or damages were proximately cause by the intervening, joint, and/or superceding acts and/or omissions of persons or entities other than an employee or agency of the United States and were not caused by any acts and/or omission of any employee or entity of the United States.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' complaint against the Federal Defendants should be dismissed because any and all damages sustained were due to Plaintiffs' fault, contributory negligence and/or assumption of the risk.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' complaint against the Federal Defendants should be dismissed for failure to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are limited to the sum certain amounts presented in their administrative claims.

### FIFTH AFFIRMATIVE DEFENSE

Federal Defendants herein incorporate by reference, as if fully stated, all of the defenses previously stated and answer the specifically-numbered paragraphs and prayer for relief as follows:

1. Paragraph 1 sets forth the jurisdictional allegations, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

2. Paragraph 2 sets forth the jurisdictional allegations, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

3. Paragraph 3 sets forth the jurisdictional allegations, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

### COUNT I

4. Federal Defendants have insufficient information to admit or deny the allegations of paragraph 4.

5. Federal Defendants have insufficient information to admit or deny the allegations of paragraph 5.

6. Federal Defendants have insufficient information to admit or deny the allegations of

paragraph 6.

7.     Federal Defendants have insufficient information to admit or deny the allegations of paragraph 7.

8.     Federal Defendants admit the allegations of paragraph 8.

9.     Federal Defendants admit the allegations of paragraph 9.

10.    Federal Defendants admit that Consolidated Engineering Services, Inc. was at the time of the incident complained of herein contractually responsible for the inspection, maintenance and repair of the Heating, Operation, and Transmission District Steam Distribution Complex. Federal Defendants have insufficient information to admit or deny the remaining allegations of paragraph 10.

11.    Federal Defendants admit that on September 11, 2004, the GSA owned the Heating, Operation, and Transmission District Steam Distribution Complex.  Federal Defendants deny that they were responsible for the inspection, repair, and maintenance of the Steam Distribution Complex.  Federal Defendants have insufficient information to admit or deny the remaining allegations of paragraph 11.

12.    Federal Defendants deny that on September 11, 2004, the Federal Defendants were responsible for supervising or overseeing the inspection, repair and maintenance of the Steam Distribution Complex.  Federal Defendants admit that GSA was responsible for the quality assurance of independent contractor Consolidated Engineering Service, Inc.'s inspection, repair and maintenance of the Steam Distribution Complex. Federal Defendants have insufficient information to admit or deny the remaining allegations of paragraph 12.

13.     Federal Defendants admit that Consolidated Engineering Service, Inc. entered into a

contract with GSA for the inspection, repair, and maintenance of the Steam Distribution Complex, effective August 30, 2004.

14.  Federal Defendants lack sufficient information to admit or deny the allegations of paragraph 14 as the allegation is vague and does not admit of an answer.

15.  Paragraph 15 consists of conclusions of law to which no answer is required. To the extent that a response is deemed necessary, deny.

16.  Paragraph 16 consists of conclusions of law to which no answer is required. To the extent that a response is deemed necessary, deny.

## COUNT II

17.  Federal Defendants incorporate by reference the responses set forth in paragraphs 5 through 15 above.

18.  Federal Defendants have insufficient information to admit or deny the allegations of paragraph 18.

19.  Paragraph 19 consists of conclusions of law to which no answer is required. To the extent that a response is deemed necessary, deny.

The unnumbered paragraphs following paragraph 19 contain a prayer for relief, to which no response is required, but to the extent that any answer may be deemed required, Federal Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever. Federal Defendants deny all other allegations of the Plaintiff not hereinbefore otherwise answered and deny that Plaintiff is entitled to any relief.

WHEREFORE, the Federal Defendants pray that the Court dismiss this action with prejudice, that Plaintiff take nothing by this action, for Federal Defendants' costs herein, and for

such other relief that the Court deems just and proper.

                Respectfully Submitted,

                _____/s/_____
                JEFFREY A. TAYLOR, D.C. Bar # 498610
                United States Attorney

                _____/s/_____
                RUDOLPH CONTRERAS, Bar # 434122
                Assistant United States Attorney

                _____/s/_____
                KAREN L. MELNIK, D.C. Bar # 436452
                Assistant United States Attorney
                Judiciary Center Building
                555 4th Street, N.W., Rm. E-4112
                Washington, D.C.  20530
                (202) 307-0338