THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OFCOLUMBIA

| | |
|---|---|
| NATALIE T. HSEIH, et al. | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : Case No: 1:06-cv-01218-CKK |
| | : |
| | : |
| CONSOLIDATED ENGINEERING | : |
| SERVICES, INC., et al. | : |
| | : |
| Defendants | : |

## ANSWER TO PLAINTIFFS' SECOND AMNDEDED COMPLAINT

COMES NOW the Defendant, Consolidated Engineering Services, Inc., by and through its counsel, William J. Hickey, Esquire of the Law Offices of William J. Hickey, and for its Answer to the Second Amended Complaint filed by the Plaintiffs herein states as follows:

### First Defense

The Complaint fails to state a cause of action against Defendant and should be dismissed.

### Second Defense

1. The Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

2. The Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

3. The Defendant admits the allegations of Paragraph 3 of the Complaint.

4. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 4 and can neither admit nor deny at this time. .

5. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 5 and can neither admit nor deny at this time.

6. The Defendant denies the allegations of Paragraph 6 of the Complaint.

7. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 7 and can neither admit nor deny at this time.

8. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 8 and can neither admit nor deny at this time.

9. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 9 and can neither admit nor deny at this time.

10. The Defendant denies the allegations of Paragraph 10 of the Complaint.

11. The Defendant admits the allegations of Paragraph 11 of the Complaint.

12. The Defendant admits the allegations of Paragraph 12 of the Complaint.

13. The Defendant denies the allegations of Paragraph 13 of the Complaint.

14. The Defendant denies the allegations of Paragraph 14 of the Complaint.

15. The Defendant denies the allegations of Paragraph 15 of the Complaint.

16. The Defendant denies the allegations of Paragraph 16 of the Complaint.

17. The Defendant incorporates by reference the Answers set forth in Paragraphs 1-16 above.

18. The Defendant denies the allegations of Paragraph 18 of the Complaint.

19. The Defendant denies the allegations of Paragraph 19 of the Complaint.

### Third Defense

Defendant affirmatively asserts the defense of the statute of limitations as to each and every allegation and count of the Complaint.

### Fourth Defense

Defendant pleads and avers the affirmative defense of estoppel.

### Fifth Defense

Defendant pleads and avers the affirmative defense of Release

### Sixth Defense

Defendant asserts the Plaintiff failed to mitigate damages.

### Seventh Defense

Defendant pleads and avers the affirmative defense of contributory negligence.

### Eighth Defense

Defendant pleads and avers the affirmative defense of the assumption of the risk.

### Ninth Defense

The Defendant pleads and avers that the injuries and damages alleged by the Plaintiffs were the result of independent and/or intervening acts over which Defendant had no control or responsibility.

### Tenth Defense

Plaintiffs lack standing to bring this action.

### Eleventh Defense

Plaintiffs have failed to satisfy conditions precedent to sustain this action.

### Twelfth Defense

The Plaintiffs lack privity with Defendant and as a consequence Defendant owed neither duty nor responsibility to Plaintiffs for any consequential or personal injuries.

Defendant reserves the right to further amend this Answer as discovery develops.

### CROSS CLAIM AGAINST DEFENDANTS AND CROSS DEFENDANTS GENERAL SERVICES ADMINISTRATION (GSA) AND THE UNITED STATES

COMES NOW the Defendant/Cross-Plaintiff, Consolidated Engineering Services, Inc., by and through its counsel, William J. Hickey, Esquire of the Law Offices of William J. Hickey, and as a result of Plaintiff's Second Amended Complaint joining GSA and the USA as Defendants in this action, files its Cross Claim herein against GSA and USA incorporating fully the allegations contained in the Defendant/Cross-Plaintiff's Third-Party Complaint previously filed stating as follows:

1. Each and every allegation of the Defendant/Cross-Plaintiff's Third Party Complaint is hereby adopted and incorporated herein by reference as its Cross Claim against the Defendant and Co-Defendants, General Services Administration (GSA) and the United States.

2. Defendant/Cross-Plaintiff herein has denied anything that they did or failed to do caused injury or damage to the Plaintiffs. Nevertheless, to the extent Plaintiffs' causes of action have any merit; Defendant/Cross-Plaintiff is entitled to indemnification and/or contribution from Cross Defendants.

WHEREFORE, Defendant/Cross-Plaintiff is entitled to indemnification and/or contribution to any or all damages that may be imposed upon the Defendant/Cross-Plaintiff and further request that this Honorable Court to issue an order:

(A) Entering judgment in favor of the Defendant/Cross-Plaintiff against each of the Cross-Defendants;

(B) Granting Defendant/Cross-Plaintiff compensatory and consequential damages against each of the Cross-Defendants in amounts to be determined at trial;

(C) Awarding Defendant/Cross Plaintiff reasonable attorneys' fees and costs;

(D)  Awarding in favor of the Defendant/Cross-Plaintiff, Cross-Defendants' contributions for any sum awarded to Plaintiff against this Cross-Plaintiff in this action;

(E)  Awarding judgment in favor of the Defendant/Cross-Plaintiff against each Cross-Defendant for indemnification for any sum awarded to Plaintiff against this Cross-Plaintiff;

(F)  Awarding Defendant/Cross-Plaintiff such further relief as this Court deems just and proper.

## COUNTERCLAIM AGAINST PLAINTIFF MATTHEW M. HSIEH

COMES NOW defendant, Consolidated Engineering Services, Inc. ("CESI"), by and through its counsel, William J. Hickey, Esquire of the Law Offices of William J. Hickey, pursuant to Rule 13 of the Federal Rules of Civil Procedure and files its Counterclaim against plaintiff Matthew Hsieh.  In support thereof, CESI states as follows:

1. On or about November 13, 2006, plaintiffs filed their Second Amended Complaint against defendants CESI, the General Services Administration ("GSA") and the United States of America ("USA") alleging each defendant was negligent in operating, maintaining and/or repairing the steam distribution complex ("SDC").  As a result of this alleged negligence, plaintiff Natalie Hsieh was purportedly injured as a result of steam, or some other vapor emitting from the SDC.

2. The injuries complained of in plaintiffs' Complaint allegedly occurred on September 11, 2004 when plaintiff Matthew Hsieh purposely pushed his daughter's, plaintiff Natalie Hsieh, stroller onto a vent emitting visible steam, or other vapor, from said vent in the sidewalk upon which they were traveling in the District of Columbia.

     3.     Plaintiff Matthew Hsieh had a duty to supervise his daughter, plaintiff Natalie Hsieh, at all times and places as they traveled in the District of Columbia on the day of their alleged accident.

     4.     Plaintiff Matthew Hsieh breached his duty to supervise his daughter, plaintiff Natalie Hsieh, by purposely pushing the stroller in which said daughter was riding onto a grate emitting visible steam, or other vapor.

     5.     As a direct and proximate result of plaintiff Matthew Hsieh's negligence, his daughter, plaintiff Natalie Hsieh, allegedly suffered personal injuries.

WHEREFORE, defendant CESI is entitled to contribution for any or all damages that may be imposed upon defendant CESI and further requests that this Honorable Court to issue an order:

    (a)    Entering judgment in favor of defendant CESI against plaintiff Matthew Hsieh;

    (b)    Awarding in favor of defendant CESI, plaintiff Matthew Hsieh's contribution for any sum awarded to the plaintiffs against defendant CESI;

    (c)    Awarding defendant CESI reasonable attorneys' fees and costs; and

    (d)    Awarding defendant CESI such further relief as this Court deems just and proper.

CONSOLIDATED ENGINEERING
  SERVICES, INC.

_____
William John Hickey, Bar No: 928945
Counsel for the Defendant CESI
33 Wood Lane
Rockville, Maryland 20850
301-424-6300

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this _____ day of November, 2006, I mailed, postage prepaid to the foregoing:

Robert B. Adams, Esquire
Gammon & Grange, P.C.
8280 Greensboro Drive
7th Floor
McLean, Virginia 22102

Jeffrey A. Taylor, Esquire
Rudolph Contreras, Esquire
Karen L. Melnik, Esquire
Judiciary Center Building
555 4th Street, NW, Rm. E-4112
Washington, DC 20530

                                                    _____
                                                       William John Hickey