THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OFCOLUMBIA

| | | |
|---|---|---|
| NATALIE T. HSIEH, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Case No: 1:06-cv-01218-CKK |
| | : | |
| UNITED STATES OF AMERICA, et al. | : | |
| | : | |
| Defendants | : | |
| | : | |
| CONSOLIDATED ENGINEERING SERVICES, INC. | : | |
| | : | |
| Defendant and Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| DAY & ZIMMERMANN SERVICES, INC. | : | |
| | : | |
| Third-Party Defendant | : | |

**DEFENDANT/COUNTER PLAINTIFF, CONSOLIDATED ENGINEERING SERVICES INC.' OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS CONTERCLAIM**

COMES NOW Defendant and Third-Party Plaintiff Consolidated Engineering Services, Inc. ("CESI"), by and through its counsel, William J. Hickey, Esquire of the Law Offices of William J. Hickey, and opposes Plaintiffs' Motion To Dismiss Counterclaim (Plaintiffs' "Motion") . In support thereof, CESI states as follows:

**PROCEDURAL BACKGROUND**

1. On or about July 20, 2006, Plaintiff Natalie Hsieh by her father and next friend, Matthew Hsieh, filed an Amended Complaint joining the Defendant, GSA, as a party Defendant. Ms. Hsieh was listed as the only plaintiff and her father was captioned as her "Next Friend". Mr.

Hsieh was not listed as an individual plaintiff in the Amended Complaint.

2. On or about August 9, 2006, CESI filed its Answer to Plaintiff's Amended Complaint. CESI did not, as it could not, include a counterclaim against Mr. Hsieh at that time because he was not yet an "opposing party". CESI could not procedurally, without filing a third-party claim, assert a direct claim against Matthew Sheikh, contrary to what is alleged in Plaintiffs' [sic] Motion, when the party against whom the counterclaim was to be asserted was not a party to the dispute.

3. On or about September 28, 2006, Plaintiff, Matthew Hsieh, filed a complaint in his own name as plaintiff (*Matthew Hsieh v. Consolidated Engineering Services* CASE NO: 1:06cv01626).

4. Thereafter, at the initial conference held in open Court, counsel for Plaintiffs advised the Court he would dismiss the complaint filed by Matthew Hsieh and consolidate Matthew Hsieh as a party plaintiff by amending again the Amended Complaint. The Court gave plaintiff's counsel leave to do so by a date certain.

5. In fact, on or about November 9, 2006, Plaintiffs filed a Second Amended Complaint, whereby Matthew Hsieh was identified as a party plaintiff as well as "next friend" of the minor plaintiff.

6. On or about December 7, 2006, CESI filed its Answer to plaintiffs' Second Amended Complaint. In this Answer, CESI included a Cross-Claim against Defendants United States of America and The General Services Administration, as well as its Counterclaim against Mr. Hsieh, an individual party plaintiff. Consequently, CESI asserted its Counterclaim against Mr. Hsieh at the first opportunity available to so, as the Complaint in case1:06cv01626 was dismissed by Order of this Court.

7. In addition, Plaintiffs assert in their Motion that Federal Rule of Civil Procedure ("FRCP") 13(a) required CESI to file its Counterclaim, within its Answer to the Amended Complaint. However, FRCP 13(a) provides:

> A pleading shall state as a counterclaim any claim *which at the time of serving the pleading* the pleader has against *any opposing party*, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

(emphasis added). At "the time of serving the pleading" in response to Plaintiff Natalie Hsieh's Amended Complaint, Mr. Hsieh was not yet an opposing party and thus no counterclaim was available to CESI under the Federal Rules. At "the time of serving the pleading" in response to Plaintiffs' Second Amended Complaint, CESI filed its Counterclaim that Plaintiffs now argue was untimely. Procedurally, unless CESI brought Matthew Sheikh in as a third-party defendant, an affirmative claim could not have been made against him before he declared himself to be a party plaintiff in this action.

8. Moreover, no prejudice is visited upon Matthew Sheikh, as his claims as a plaintiff were not at issue until a responsive pleading was filed to the Second Amended Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION

1. The Record herein.

2. FRCP 13(a) and (c).

3. *Answering Service, Inc. v. Thomas J. Egan, Executor of the Estate of Paul J. Rohrich,* 728 F.2d 1500, 1503 (D.C. Cir. 1984):

   > The second threshold issue we must dispose of concerns the application of the Federal Rules of Civil Procedure to this case. We conclude that the claim preclusion issue presented in this case cannot be resolved by reference to those Rules. Answering Service's initial cross-claim against Egan for indemnification was clearly permissive, see Fed.R.Civ.P. 13(g), and the mere bringing of that cross-claim did not, as far as the Rules are concerned, require Answering Service then to bring all other cross-claims it might have

had against Egan which arose out of the transaction or occurrence underlying the indemnification claim. That this is so is evident from the compulsory counterclaim rule, which makes a claim compulsory only when it is asserted against an "opposing party." Fed.R.Civ.P. 13(a). Because Egan had filed no claim against Answering Service at the time the latter filed its indemnification cross-claim against him, Egan was not an "opposing party" to Answering Service when the indemnification cross-claim was filed. See, e.g., *First Nat'l Bank in Dodge City v. Johnson County Nat'l Bank and Trust Co.*, 331 F.2d 325, 328 (10th Cir.1964) ("The very concept of a counterclaim presupposes the existence or assertion of a claim against the party filing it."). Just as nothing in the Rules requires plaintiffs to bring all related claims against a defendant at the same time, see 6 C. WRIGHT & A. MILLER, FEDERAL RACTICE AND PROCEDURE Sec. 1583 (1971), neither is a third-party plaintiff directly obligated by the Rules to do so. The compulsory counterclaim rule was therefore not triggered with respect to any other cross-claim Answering Service might have had against Egan.

## CONCLUSION

Because CESI was never required to file a responsive pleading against Plaintiff, Matthew Hsieh, until it did so to the Second Amended Complaint, Matthew Hsieh's Motion to Dismiss the Counterclaim should be dismissed.

WHEREFORE, CESI requests that Plaintiff, Matthew Hsieh's, Motion to Dismiss the Counterclaim be denied and that he provide an Answer to CESI Counterclaim within ten days of any Order.

                                               CONSOLIDATED ENGINEERING
                                                 SERVICES, INC.

                                                  /s/ William J. Hickey
                                           William John Hickey, Bar No: 928945
                                           Counsel for the Defendant CESI
                                           33 Wood Lane
                                           Rockville, Maryland 20850

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of January, 2007, I mailed, postage prepaid to the foregoing:

Robert B. Adams, Esquire
Gammon & Grange, P.C.
8280 Greensboro Drive
7th Floor
McLean, Virginia 22102

Jeffrey A. Taylor, Esquire
Rudolph Contreras, Esquire
Karen L. Melnik, Esquire
Judiciary Center Building
555 4th Street, NW, Rm. E-4112
Washington, DC 20530

The Corporation Trust, Inc.
Day & Zimmermann Services, Inc.
300 E. Lombard Street
Baltimore, MD 21202

                                              /s/ William J. Hickey
                                            William John Hickey