**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATALIE T. HSIEH, *et al.*,<br><br>     Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>     Defendants.<br><br>CONSOLIDATED ENGINEERING SERVICES, INC.,<br><br>     Defendant and Third-Party Plaintiff,<br><br>     v.<br><br>DAY & ZIMMERMAN SERVICES, INC.,<br><br>     Third-Party Defendant. | Civil Action No. 06-1218 (CKK) |

**ORDER**
(January 16, 2007)

     This Order addresses [28] the Consent Motion for Leave to File Third Party Complaint and [29] Joint Motion to Consolidate Scheduling Order.

     On January 12, 2007, Defendant Consolidated Engineering Services, Inc. ("CESI"), filed a [28] Consent Motion for Leave to File Third Party Complaint, as well as a proposed Third-Party Complaint against Third-Party Defendant Day & Zimmerman Services, Inc. ("D&Z"). This unopposed motion asserts that D&Z "was the contracting party with GSA responsible for the inspection, maintenance and repair of the Steam Distribution Complex" at issue in the above-captioned case. Also on January 12, 2007, CESI filed a similar Motion for Leave to File Third Party Complaint in a separate case proceeding before this Court, *Openshaw, et al. v.*

*Consolidated Engineering Services, Inc., et al.*, Civil Action No. 06-1884. In each Motion for Leave to File Third Party Complaint, CESI maintains that this action and the *Openshaw* action are related cases. As a result, also on January 12, 2007, CESI filed with Plaintiffs in this matter a [29] Joint Motion to Consolidate Scheduling Order, which requests that the Court vacate the Scheduling Order issued in this matter on October 11, 2006 and consolidate a new Scheduling Order in this matter with the Scheduling Order to be issued in *Openshaw*.

CESI's motions assert that the above-captioned matter is related to the *Openshaw* matter, and CESI filed a Notice of Related Cases to that effect on December 20, 2006. The Court is aware that the Defendants in the instant action are also named as defendants in the *Openshaw* matter, and that the two matters may involve a common third-party defendant. However, a review of Local Rule 40.5(a)(3) and the operative complaint in each action indicates that the two cases are not, in fact, "related" to the *Openshaw* matter pursuant to the Local Rule because: (1) it is not clear that they "relate to common property;" (2) they do not "involve common issues of fact"because they are brought by distinct plaintiffs alleging different injuries; and (3) they do not "grow out of the same event or transaction" because the plaintiffs in this matter allege that they sustained injury on or about September 11, 2004, while the *Openshaw* plaintiffs allege that they sustained injury on or about April 22, 2005, more than five months after the plaintiffs in this matter allege they were injured. This Court was assigned the *Openshaw* matter randomly, and not because the *Openshaw* matter was deemed related to the instant matter.

Furthermore, pursuant to the Court's October 11, 2006 Scheduling Order, discovery in the instant matter is to be completed by April 30, 2007. The *Openshaw* matter is set for an Initial

Scheduling Conference on February 5, 2007, at which point the Court shall set a discovery schedule in that matter. It is clear to the Court that the parties to this action have completed very little discovery – and indeed have canceled previously scheduled depositions – operating on the assumption that the Court would allow them to restart the discovery clock by consolidating this action with the *Openshaw* matter. However, parties are not permitted to grant themselves stays without the approval of the Court, nor may the parties start discovery over again or extend their discovery deadline because an unrelated action has been filed before this Court. To the extent that third-party discovery is required in the instant case or in the *Openshaw* matter, such discovery may proceed on a separate schedule and may be extended as required. Accordingly, it is, this 16th day of January, 2007, hereby

**ORDERED** that [28] the Consent Motion for Leave to File Third Party Complaint filed by Defendant CESI is GRANTED; it is also hereby

**ORDERED** that [29] the Joint Motion to Consolidate Scheduling Order filed by Defendant CESI is DENIED. The parties to the above-captioned action shall complete discovery according to the deadlines detailed in this Court's October 11, 2006 Scheduling Order.

**SO ORDERED**.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge