UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, et al. )<br>  )<br>  Plaintiffs, )<br>  )<br>  v. )<br>  )<br> CONSOLIDATED ENGINEERING )<br> SERVICES, INC. et al. )<br>  )<br>  )<br>  Defendants. )<br> _____) | Civil Action No. 06CV1218 (CKK) |

**OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE THE DEFENDANTS FROM OFFERING EXPERT WITNESS TESTIMONY AT TRIAL**

The Federal Defendant in the above action respectfully opposes Plaintiffs' Motion to Preclude the Defendants from Offering Expert Witness Testimony at Trial. In support of its opposition, the Federal Defendant provides the following:

1. As an initial matter, the Federal Defendant acknowledges that its Rule 26(a)(2)(B) statements should have been provided to the other parties by March 9, 2007. The Federal Defendant further recognizes that it should have filed a motion with the Court prior to that deadline, in order to obtain additional time. On this date, the Federal Defendant is filing a Motion to Amend the Scheduling and Procedures Order to request more time to file its expert report.

2. The Federal Defendant served Defendant Consolidated Engineering Services ("CES") with its First Set of Interrogatories and First Request for Production of Documents on December 21, 2006. During the last several weeks, the undersigned has sent emails to Mr. Hickey, counsel for CES, regarding the overdue discovery. To date, CES has not responded to

the Federal Defendant's foregoing discovery requests. These discovery responses are necessary for the Federal Defendant's expert to complete his report. Any report provided without CES's discovery responses would need to be supplemented. Thus, as set forth in the currently filed Motion to Amend Scheduling and Procedures Order, cause exists to extend the deadline for the Federal Defendant's expert report due to excusable neglect.

3. Additionally, the purpose of LCvR 7(m) is to facilitate the informal resolution of disputes *without court intervention*, or 'at least to reduce or narrow the issues the Court will consider.'" U.S. ex rel. K & R Ltd. Partnership v. Massachusetts, 456 F.Supp.2d 46, 52 (D.D.C. 2006) (*quoting* United States ex rel. Pogue v. Diabetes Treatment Centers of America, 235 F.R.D. 521, 529 (D.D.C. 2006)) (emphasis added). The undersigned has spoken to Plaintiff's attorney, Timothy Obitts, both before and after March 9, 2007, regarding the Federal Defendant's delay in providing its expert report. At no time did Mr. Obitts indicate that Plaintiff intended to file the instant motion if he did not receive the report by March 9, 2007. The undersigned received a faxed copy of Plaintiff's motion yesterday afternoon from Plaintiff's attorney, Robert B. Adams. At that time, the undersigned called Mr. Adams in an attempt to come to an agreement without involving the Court, but was unable to do so.

WHEREFORE, the Federal Defendant respectfully opposes Plaintiff's motion.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

                                                                                 /s/
_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

                                                                                 /s/
_____
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
555 4th Street, N.W. Rm. E 4112
Washington, D.C. 20530