## THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, et al. | : |
| Plaintiffs | : |
| v. | :    Case No: 1:06-cv-01218-CKK |
| UNITED STATES OF AMERICA, et al. | : |
| Defendants | : |
| CONSOLIDATED ENGINEERING SERVICES, INC., et al. | : |
| Defendant and Third-Party Plaintiff | : |
| v. | : |
| DAY & ZIMMERMANN SERVICES, INC. | : |
| Third-Party Defendant | : |

### DEFENDANT/THIRD-PARTY PLAINTIFF CONSOLIDATED ENGINEERING SERVICES, INC.'S MOTION FOR FURTHER MODIFICATION OF SCHEDULING ORDER TO ALLOW FOR DISCOVERY OF THIRD-PARTY DEFENDANT AND FULL INDENTIFICATION OF EXPERT WITNESSES

COMES NOW Defendant and Third-Party Plaintiff Consolidated Engineering Services, Inc. ("CESI"), by and through its counsel, William J. Hickey, Esquire, and Robert M. Gittins, Esquire, and the Law Offices of William J. Hickey, and files its request for further modification of Scheduling Order and for opportunity to make a full and complete identification of expert witnesses and for reasons therefore states:

## **CERTIFICATION PURSUANT TO LOCAL RULE 7(m)**

Counsel for Defendant, CESI, sought and obtained consent from counsel for the co-Defendant, GSA, for the relief requested herein. Counsel for Defendant, CESI, sought consent from counsel for the Plaintiffs who refused to provide such consent. Further, the undersigned certifies that Counsel for Defendant, CESI, indicated to Plaintiff's counsel he was willing to work out a modification to the discovery schedule in such a manner so as to allow for third-party defendant, Day & Zimmerman, to become involved, to allow for a site inspection of all experts and to allow for the completion of the depositions of Plaintiff's experts (set for March 30, 2007). This would allow for the full and complete identification of the expert for Defendant, CESI, and for time for him to review the Plaintiff's expert's deposition. No such consent was obtained.

## **FACTUAL BACKGROUND**

On or about November 9, 2006, Plaintiffs filed a "Second Amended Complaint". An Answer to the Second Amended Complaint was filed on or about December 7, 2006. Pursuant to the Parties' Discovery Plan of October 23, 2006 (prior to the filing of the Second Amended Complaint) the parties' intention at that time was to take factual and corporate designee depositions January 22 through January 24, 2007. However, the parties mutually agreed to hold these depositions the last week of March. Further, pursuant to the "Discovery Plan", all parties agreed that the Discovery Plan would be *amended* by February 15, 2006 to prepare a schedule of deposition of experts identified by the parties. It was the undersigned counsel's misunderstanding that a tacit understanding that no amendment was needed so long as counsel were working in good faith to complete the expert discovery within the Court's discovery deadline. That is, that the deposition of Plaintiffs' experts would precede the full identification of reports and opinions of Defendants' experts. The CESI Defendant acknowledges that a consent

motion should have been prepared and filed prior to the Rule 26(a)(2) date set for identification of Defendant's experts per the Court's Scheduling Order.  Having reached such tacit understandings with counsels over twenty-five years of litigations practice, it was the undersigned mistaken belief that such an understanding that the Defendant's expert's report would be premised and forthcoming following the deposition of the Plaintiff's expert. As noted above, the Plaintiffs' expert was not to be deposed until March 30, 2007.  Rule 6(v)(2) provides in pertinent part that the Court may grant such a request "where the failure to act was the result of excusable neglect".  The Court's determination of "excusable neglect should depend in part upon the importance of the matter involved and the prejudice, if any, to the other party." *Ham v. Smith, et. al. ,* 653 F.2d 628 (D.C. Cir. 1981). Plaintiff's motion is completely silent regarding any prejudice to be suffered by the slight delay in obtaining CESI's expert report after March 9, 2007.  Moreover, the cursory report of Plaintiffs expert, attached to their designations, manifestly failed to disclose much at all as to what the experts' opinions would be, making it difficult to develop a full and complete opinion by March 9, 2007.  It was CESI's good faith intention to provide its expert's reports following the deposition of Plaintiffs' expert so that CESI's expert could address and refute (which he could not do at this time) and respond to the opinions of Plaintiffs' expert.  In the interim, the Court granted the bringing in of a third-party defendant, who may have expert opinions that cannot be anticipated at this time.  Finally, undersigned counsel was out of the office and away on vacation the week ending March 9, 2007.  Upon return, the undersigned called counsel for the Plaintiffs and reiterated what the undersigned felt was a tacit understanding that a full report would be forthcoming from CESI's experts after the deposition of Plaintiffs' experts.  Counsel for Plaintiff acknowledged that the date of the identification was March 9, 2007, but said, "…just get me something today or as soon as you

can". A preliminary designation of expert witness was faxed and mailed the next day, which identifies the expert Defendant intends to call as a witness at trial and the preliminary opinions he is expected to render. A full and complete report and opinions will be provided as noted in the designation and notice to Plaintiff.

### **POINTS & AUTHORITIES IN SUPPORT FOR FURTHER MODIFICATION**

Although the initial Scheduling Order provides that all discovery is to be completed by April 30, 2007, and the parties were diligently working toward this goal, the inclusion of the third-party defendant in the action will necessitate at least some discovery on its part after April 30, 2007. Moreover, none of the parties will be prejudiced in the extension of the expert phase of discovery for an additional few days, particularly given the fact that the Second Amended Complaint was not at issue until December 7, 2006, less than four month ago. Pursuant to FRCP 16 (c)(6), the Court may control the scheduling of discovery including orders affecting disclosures and discovery pursuant to Rules 26, 29 and 37. FRCP 16 (c)(7) allows for the Court to make an appropriate scheduling or re-scheduling of the identification of witnesses and documents. Even if the discovery deadline of April 30, 2007 was not changed, CESI is in a position to complete the deposition of Plaintiffs' experts, have its expert review these depositions, prepare a report and allow for his deposition before April 30, 2007.

Furthermore, LCvR 16.4 expressly provides that the "Court may modify the scheduling order at any time upon a showing of good cause." The relevant case law supports the clear and unambiguous language of LCvR 16.4. In *Walker v. District of Columbia*, Civil Action No. 96-1267 (D.D.C. 1998), United States Magistrate Judge Facciola granted defendants' Motion to Modify Scheduling Order, thereby extending the deadline for completing expert discovery. In so ruling, Judge Facciola determined that precluding defendants' expert witnesses was "unjustified"

and that plaintiffs would endure no prejudice by the extension of the expert discovery deadline. Id. at *5.  The situation in *Walker* is on point with the situation at bar.  Plaintiffs' cannot seriously contend that they would be unduly prejudiced by the Court permitting CESI's experts to testify as Plaintiffs are on notice of Defendant CESI's expert

Without a modification to allow Defendant to provide a full and complete expert report at this stage and to allow Plaintiff's motion to exclude all Defendant expert witness testimony in the case would be manifestly prejudicial to the Defendant who had retained an expert, was working with that expert and was awaiting the completion of the discovery deposition of the Plaintiff's expert in order to provide a full and complete report.

WHEREFORE,  it is respectfully requested that this Honorable Court modify the Scheduling Order to accommodate the Defendant to complete the deposition of Plaintiff's expert witnesses, prepare a report of its own expert and complete the remaining aspects of discovery in this case in a timely and equitable manner.

CONSOLIDATED ENGINEERING
  SERVICES, INC.


        /s/ William J. Hickey
William John Hickey, Bar No: 928945
Robert M. Gittins,  Bar No.: 490016
Law Offices of William J. Hickey
33 Wood Lane
Rockville, Maryland 20850
301-424-6300
Counsel for the Defendant CESI

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 22nd day of March, 2007, a copy of the foregoing was mailed, postage prepaid, to the foregoing:

Robert B. Adams, Esquire
Gammon & Grange, P.C.
8280 Greensboro Drive
7th Floor
McLean, Virginia 22102

Jeffrey A. Taylor, Esquire
Rudolph Contreras, Esquire
Karen L. Melnik, Esquire
Judiciary Center Building
555 4th Street, NW, Rm. E-4112
Washington, DC 20530

The Corporation Trust, Inc.
Day & Zimmermann Services, Inc.
300 E. Lombard Street
Baltimore, MD 21202

                                                /s/ William J. Hickey
                                                William John Hickey