UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATALIE T. HSIEH, et. al.,

        Plaintiffs,

v.                      Civil Action No. 1:06-cv-1218(CKK)

UNITED STATES OF AMERICA, et. al,

        Defendants.

**PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION
TO AMEND SCHEDULING AND PROCEDURES ORDER**

      The Federal Defendants have moved the Court to amend its October 11, 2006 Scheduling and Procedures Order to afford them additional time within which to file their Rule 26(a)(2)(B) statement that was due on March 9, 2007. The plaintiffs respectfully oppose the Motion on the following grounds.

      The Court's outstanding Order obliged the plaintiffs to file their Rule 26(a)(2)(B) statement on or before February 2, 2007, which they did, despite having received virtually no meaningful responses to their written discovery requests to the defendants to determine just what caused the failure in the steam distribution complex (SDC) that is involved in this litigation, which resulted in their personal injuries. In this

-2-

regard, as counsel for the Federal Defendants has implied in her Motion, the defendant Consolidated Engineering Services, Inc. (CESI) has essentially stonewalled discovery throughout the course of the claim to date.  An example of this is its denial of 17 of the 18 Requests For Admission that the plaintiffs propounded upon it on October 6, 2006, which included a categorical denial that the copy of the contract that was in existence on the date of the plaintiff's injuries between it and the United States General Services Administration with respect to the inspection, maintenance and repair of the SDC, which had been supplied to plaintiffs' counsel by its counsel, was a true and complete copy of the contract.  The Requests for Admission were deemed by plaintiffs' counsel not to be controversial when propounded, and, when the smoke clears, will in counsel's opinion more likely than not be deemed to have been noncontroversial by the Court.

        More importantly, the SDC in question is owned by the Federal Defendants, and, since August 30, 2004, has been inspected, maintained and repaired by CESI.  It is, therefore, inconceivable that the defendants were unable to identify and to secure experts to defend the plaintiffs' claims by the March 9, 2007 deadline.

-3-

Also of import is the fact that at no time on or before March 9th did counsel for any of the defendants contact counsel for the plaintiffs to discuss or request an extension of time within which to identify their experts or to alert them to the fact that no Rule 26(a)(2)(B) statements were going to be filed.  Upon information and belief, the discussions between the Federal Defendants' counsel and plaintiffs' counsel Timothy Obitts, that are referenced in her Motion, took place well after March 9, 2007.

In sum, the defendants have presented no valid reason for their failure to have complied with the terms of the Court's Order and to have provided plaintiffs with their Rule 26(a)(2)(B) statements in a timely fashion.  Accordingly, it is respectfully requested that the Federal Defendants' Motion be denied.

MATTHEW M. HSIEH
By counsel

GAMMON & GRANGE, P.C.
8280 Greensboro Drive, 7th Floor
McLean, Virginia 22102
(703) 761-5000


_____/s/_____
Robert B. Adams
Timothy R. Obitts, Esq.
Counsel for Plaintiff

-4-

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd of March, 2007, I mailed, postage prepaid, true and complete copies of the foregoing to William John Hickey, Esq., 33 Wood Lane, Rockville, Maryland, counsel for the defendant Consolidated Engineering Services, Inc., and to Karen L. Melnik, Esq., Office of the U.S. Attorney, Judiciary Center Building, 555 4th Street, NW, Room E-4112, Washington, DC 20530, counsel for the Federal Defendants.

_____/s/_____
Robert B. Adams