THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OFCOLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, et al. | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : Case No: 1:06-cv-01218-CKK |
| | : |
| UNITED STATES OF AMERICA, et al. | : |
| | : |
| Defendants | : |
| | : |
| CONSOLIDATED ENGINEERING SERVICES, INC., et al. | : |
| | : |
| Defendant and Third-Party Plaintiff | : |
| | : |
| v. | : |
| | : |
| DAY & ZIMMERMANN SERVICES, INC. | : |
| | : |
| Third-Party Defendant | : |

### DEFENDANT/THIRD-PARTY PLAINTIFF CONSOLIDATED ENGINEERING SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO

COMES NOW Defendant and Third-Party Plaintiff Consolidated Engineering Services, Inc. ("CESI"), by and through its counsel, William J. Hickey, Esquire, Robert M. Gittins, Esquire and the Law Offices of William J. Hickey, and hereby files its opposition to Plaintiffs' Motion to Preclude the Defendants from Offering Expert Witness Testimony at Trial ("Motion to Preclude"). In support thereof, CESI states as follows:

1.  Plaintiffs filed their instant Motion to Preclude on or about March 21, 2007 seeking to prevent, *inter alia*, Defendant CESI from offering expert testimony at the trial of this matter.

2.However, Plaintiffs' Motion to Preclude fails to comply with the express requirements of LCvR 7(m), which provides:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought, and, if there is opposition, to narrow the areas of disagreement.

There can be no disagreement that Plaintiffs' Motion to Preclude is a nondispositive motion, nor can there be any argument that Plaintiffs' counsel failed to contact undersigned counsel to discuss said Motion to Preclude as Plaintiffs', or include the requisite LCvR 7.1(m) Certificate of Compliance, as Plaintiffs' counsel did at no time contact counsel for CESI to discuss his intention to file said Motion to Preclude.

3.The consequence for failing to comply with LCvR 7(m) is undisputed and results in the noncompliant motion being immediately denied. *See Ellipson, Inc. v. Mann*, 460 F.Supp. 2d 99, 1023 (D.D.C. 2006); *citing Alexander v. FBI*, 186 F.R. D. 185, 187 (D.D.C. 1999); *see also USA v. K&R Limited Partnership*, 456 F.Supp. 2d 46 (D.D.C. 2006) (citation omitted). There is no exception stated in these decisions that would allow Plaintiffs' Motion to Preclude to stand.

4.In the event that Plaintiff is able to plead ignorance of LCvR 7(m) and convince the Court that an exception should be made contrary to current law, the Court's Scheduling Order also imposes a duty upon all counsel to:

> … **not file a discovery motion without prior consultation with opposing counsel.** Counsel are advised that if the court is called upon to resolve such a motion, the losing attorney (not the principal) will be sanctioned pursuant to Fed. R. Civ. P. 37 (a)(4).

*See* Scheduling and Procedures Order, par. 4. (emphasis in original). As Plaintiffs' Counsel has failed to comply with the applicable Local Rule, as well as the Court's Scheduling Order, Plaintiffs' Motion to Preclude should be denied.

WHEREFORE, Defendant CESI respectfully requests the Court grant the attached proposed Order denying Plaintiffs' Motion to Preclude.

                    CONSOLIDATED ENGINEERING
                      SERVICES, INC.


                        /s/ William J. Hickey
                William John Hickey, Bar No: 928945
                Robert M. Gittins, Bar No.: 490016
                Law Offices of William J. Hickey
                33 Wood Lane
                Rockville, Maryland 20850
                301-424-6300
                Counsel for the Defendant CESI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of March, 2007, a copy of the foregoing was mailed, postage prepaid, to the foregoing:

Robert B. Adams, Esquire
Gammon & Grange, P.C.
8280 Greensboro Drive
7th Floor
McLean, Virginia 22102

Jeffrey A. Taylor, Esquire
Rudolph Contreras, Esquire
Karen L. Melnik, Esquire
Judiciary Center Building
555 4th Street, NW, Rm. E-4112
Washington, DC 20530

The Corporation Trust, Inc.
Day & Zimmermann Services, Inc.
300 E. Lombard Street
Baltimore, MD 21202

                                                  /s/ William J. Hickey
                                                  William John Hickey