UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. <br><br> CONSOLIDATED ENGINEERING SERVICES, INC., <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> DAY & ZIMMERMAN SERVICES, INC., <br><br> Third-Party Defendant. | Civil Action No. 06-1218 (CKK) |

**ORDER**
(March 26, 2007)

This Order addresses [34] Plaintiffs' Motion to Preclude the Defendants from Offering Expert Witness Testimony at Trial; [36] Federal Defendants' Motion to Amend Scheduling and Procedures Order; and [38] Defendant Consolidated Engineering Services, Inc.'s (CESI) Motion for Further Modification of Scheduling Order.

On October 11, 2006, the Court entered a Scheduling and Procedures Order in this matter, which provided that the Federal Defendants and CESI were required to file their expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) on or before March 9, 2007. On March 21, 2007, Plaintiffs filed a [34] Motion to Preclude the Defendants from Offering Expert Witness Testimony at Trial. Pls.' Mot. to Precl. at 1. In that Motion, Plaintiffs indicated that, as

of March 21, 2007, the Federal Defendants had not filed an opposing expert report, and Defendant CESI had filed a pleading entitled "Preliminary Rule 26(a)(2)(B) Designation of Experts," which Plaintiffs assert only identifies an individual who might be providing expert testimony in the future but does not meet the standard of Federal Rule of Civil Procedure 26(a)(2)(B). *Id.* at 1-2.

In response to Plaintiffs' Motion to Preclude, the Federal Defendants filed both an [35] Opposition and a [36] Motion to Amend Scheduling and Procedures Order. In these filings, the Federal Defendants acknowledge that they failed to either timely file their expert report or to request from the Court an extension of time in which to file their expert report. Fed. Def. Opp'n at 1. Instead, the Federal Defendants assert that they have experienced unanticipated discovery and administrative delays that precluded them from timely filing their expert report, but that they are prepared to file that report by April 11, 2007 if Defendant CESI provides its discovery responses by March 28, 2007. Fed. Def. Mot. to Amend at 1-2. The Federal Defendants claim that their failure to move to amend the Scheduling and Procedures Order prior to March 9, 2007 was due to "excusable neglect" because they were "under the impression that a delay in providing an expert report was acceptable" to Plaintiffs' counsel. *Id.* at 2.

Defendant CESI also filed an [40] Opposition to Plaintiffs' Motion to Preclude, as well as a [38] Motion for Further Modification of Scheduling Order. CESI acknowledges that it did not move for an extension of time in which to file its expert report, but asserts that Plaintiffs' expert report "failed to disclose much at all as to what the experts' opinions would be, making it difficult to develop a full and complete opinion by March 9, 2007." CESI Mot. for Modif. at 3. CESI professes a "good faith intention to provide its expert's reports following the deposition of

Plaintiffs' expert," on March 30, 2007, *id.*, as well as a mistaken belief that it had reached a tacit agreement with Plaintiffs' counsel to that effect, *id.* CESI further asserts that it "is in a position to complete the deposition of Plaintiffs' experts, have its expert review these depositions, prepare a report and allow for his deposition before April 30, 2007," the Court-scheduled discovery deadline in this matter. *Id.* Plaintiffs have filed an Opposition to the Federal Defendants' Motion to Amend but have not responded to Defendant CESI's Motion for Further Modification.

Upon review of the parties' filings, the Court notes that Defendants have clearly failed to comply with the Court's October 11, 2006 Scheduling and Procedures Order, and further notes that neither Defendant returned to the Court for an extension of that Order's March 9, 2007 deadline for expert reports. Parties may not grant themselves extensions of Court-imposed deadlines, but rather must formally move the Court for the approval of any such extensions. Furthermore, while Defendants assert that they believed they had reached agreements with Plaintiffs' counsel regarding the tardiness of their expert reports, Plaintiffs' Motion to Preclude belies the existence of any such agreement. The Court cannot enforce informal agreements allegedly reached between the parties, and it is to avoid precisely this type of dispute that the Court requires the parties to formally move for extensions of Court-imposed deadlines.

Nevertheless, Plaintiffs have not identified any prejudice that they have suffered or would suffer if the Court allowed Defendants to belatedly file their expert reports, and the Court notes that the parties are still within the April 30, 2007 discovery deadline set in the Court's October 11, 2006 Scheduling and Procedures Order.

Accordingly, it is this 26th day of March, 2007, hereby

**ORDERED** that [34] Plaintiffs' Motion to Preclude the Defendants from Offering Expert Witness Testimony at Trial shall be DENIED; it is further

**ORDERED** that [36] Federal Defendants' Motion to Amend Scheduling Order shall be GRANTED-IN-PART; it is further

**ORDERED** that [38] Defendant CESI's Motion for Further Modification shall be GRANTED-IN-PART. To the extent that Defendant CESI has not yet responded to discovery requests propounded by either the Federal Defendants or Plaintiffs, CESI shall respond to all outstanding discovery requests on or before March 28, 2007; it is further

**ORDERED** that the Federal Defendants and Defendant CESI shall each provide their expert reports on or before April 11, 2007; it is further

**ORDERED** that the previously set April 30, 2007 discovery deadline shall remain in place. As such, Defendants shall make their experts available for deposition on or before April 30, 2007; it is further

**ORDERED** that the Status Conference shall proceed as scheduled on May 11, 2007, and 9:00 a.m. in Courtroom 28A of the Sixth Floor of the Courthouse Annex.

**SO ORDERED**.

                                           /s/
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge