THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, et al. | : |
| Plaintiffs | : |
| v. | : Case No: 1:06-cv-01218-CKK |
| UNITED STATES OF AMERICA, et al. | : |
| Defendants | : |
| CONSOLIDATED ENGINEERING SERVICES, INC., et al. | : |
| Defendant and Third-Party Plaintiff | : |
| v. | : |
| DAY & ZIMMERMANN SERVICES, INC. | : |
| Third-Party Defendant | : |

**JOINT MOTION TO MODIFY SCHEDULING ORDER AS TO EXPERT DISCOVERY**

COMES NOW the Plaintiffs and Defendant, Consolidated Engineering Services, Inc. ("CESI"), by and through its counsel, Robert Adams, Esquire and Timothy Obitts, Esquire for Plaintiffs and William J. Hickey, Esquire, and Robert M. Gittins, Esquire, for the Defendant CES and moves this court for modification of the Scheduling Order as it pertains to the completion of discovery of expert witnesses. The Federal Defendants take no position in this motion. The Plaintiffs and Defendant, CES, invite the Court's attention to the following in support of their Consent Motion.

1. The parties are mindful of the discovery completion date of April 30 and will be able to complete all factual discovery by that date. The factual discovery that has occurred since the Court Order of March 26, 2007 includes the following:

- Deposition of Greg Westphal, GSA employee, March 27, 20078

- Deposition of John Bright, GSA employee, March 27, 2007

- Deposition of Joel Katz, former GSA employee, March 27, 2007

- Deposition of Officer Louis Burton, FBI Police, March 29, 2007

- Deposition of Harry Washington, GSA employee, March 29, 2007

- Deposition of 30(b)(6) representative of CES, March 29, 2007

- Deposition of Richard Matkins, CES employee, March 29, 2007.

- Deposition of Matthew Hsieh, Plaintiff, April 3, 2007.

2. Still to be deposed are the following fact witnesses:

- CES Employee, Cherry.

- CES Employee, Peck.

- Former CES employee, Glock.

- GSA employee, Lambright.

- 30(b)(6) representative of GSA.

- American Combustion Industries employee, Welker or other knowledgeable person.

3. Experts for both Plaintiffs and Defendant CES sought to review the deposition of key fact witnesses and receive permission to conduct a physical inspection of the manhole in question as a prerequisite to being able to provide all parties with a "final expert report". Consequently, it was mutually agreed not to depose plaintiffs' experts on March 30, 2007 as it was obvious they would not have their final opinions on that day nor would a "final report" be available. Defendant, CES' expert, will need to review the "final report" of the Plaintiffs' expert before he is able to provide the parties with his final report.

    Plaintiffs' counsel and Defendant, CES', counsel agreed it would be premature to depose experts until they were in position to render final opinions and final reports.

4. The parties are mindful of the Court's Order of March 26, 2007 that all discovery shall be complete by April 30, 2007 and that Defendants' expert reports are due on April 11, 2007. It is to be observed that the parties to this Joint Motion understand that expert testimony in a case such as this depends in large part what factual evidence there is which must be factored into their opinions. Plaintiffs represent that additional information developed during the deposition of fact witnesses may be helpful to their experts in preparing their expert opinions and the present reports will likely need to be revised to take into account this information... Defendant, CES, candidly represents to the Court that without the additional fact witness' discovery to consider as well as the full basis of the opinions to be expressed by Plaintiff's experts, he is not in a position to render a report in full compliance with Rule 26(a)(2).

5. The parties are mindful of the Court's status conference date of May 11, 2007 and that mediation is scheduled for the following Monday. With these dates in mind Plaintiffs and Defendant, CES, jointly move for further modification of the Court's March 26, 2007 Order only as to completion of expert discovery.  All factual discovery will be completed by April 30, 2007. In addition, the Plaintiffs and Defendant, CES, propose to be bound by the following dates:

    - Full reports provided by Plaintiff's experts' by April 23, 2007 with completion of their depositions by the end of that week.

    - Full reports of Defendants' expert witnesses by May 4 and completion of their depositions by May 9, 2007.

6. With these modifications, the parties still will be able to participate in a status conference on May 11, 2007 and participate in mediation on May 14, 2007.

WHEREFORE, the Plaintiffs and Defendant CES, respectfully move this court for further modification of the Court's March 26, 2007 Order only as it pertains to the discovery of Plaintiffs' and Defendant, CES', experts.

| /s/ Robert B. Adams | /s/ William J. Hickey |
|---|---|
| Robert B. Adams, Esquire | William J. Hickey, Esquire |
| Gammon & Grange, P.C. | Law Office of William J. Hickey |
| 8280 Greensboro Drive | 33 Wood Lane, Rockville, Md. 20850 |
| 7th Floor | Rockville, Maryland 20850 |
| McLean, Virginia 22102 | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of April, 2007, a copy of the foregoing was provided, via electronic filing, to:

Karen L. Melnik, Esquire
Judiciary Center Building
555 4th Street, NW, Rm. E-4112
Washington, DC 20530

                                                    /s/ William J. Hickey
                                                    William J. Hickey