IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATALIE HSIEH, et al.                        *

     Plaintiffs                              *

vs.                                          *      Case No.: 1:06-cv-01218-CKK

UNITED STATES OF AMERICA, et al.   *

     Defendants

*    *    *    *    *    *    *    *    *    *    *    *

## OPPOSITION TO MOTION FOR DEFAULT JUDGMENT

Third-Party Defendant, Day & Zimmermann Services, Inc., by undersigned counsel, opposes the Motion for Default Judgment by Defendant/Third-Party Plaintiff, Consolidated Engineering Services, Inc., and for reasons states:

1. The parent company to the named Defendant, The Day & Zimmermann Group, Inc., was unaware of the happening of the incident, of the pendency of this case and of the existence of the Third-Party Complaint until May 7, 2007, when contacted by undersigned counsel, who had been notified by counsel for Consolidated Engineering Services, Inc. (See attached hereto Exhibit A, copy of the Affidavit of William Hamm, Esquire, Senior Vice President and General Counsel for The Day & Zimmermann Group, Inc.) When the Third-Party Complaint was forwarded by the resident agent, it was routed inappropriately internally at The Day & Zimmermann Group, Inc., and responsible management and legal personnel never knew of its existence.

2. Thus, the failure to answer the Third-Party Complaint was not willful, intentional, or the result of gross negligence. In fact, within two days of learning of the existence of this case, Third-Party Defendant filed an Answer to it.

3. Third-Party Defendant Day & Zimmermann Services, Inc. has a good and meritorious defense to the allegations against it as it sold the contract with General Services Administration months before this incident to Consolidated Engineering Services, Inc., and no longer had any obligations or responsibilities with respect to the maintenance, inspection or repair of the Steam Distribution Complex at the time of Plaintiffs' incident.

4. Third-Party Defendant would be severely prejudiced by the entry of default judgment against it. By contrast, none of the other parties to this case would suffer any prejudice if the default judgment against Day & Zimmermann Services, Inc. was not entered.

WHEREFORE, Third-Party Defendant, Day & Zimmermann Services, Inc., by undersigned counsel, respectfully requests that this Honorable Court enter an Order denying the Motion for Default Judgment, and granting such other relief as justice requires.

Mary Malloy Dimaio, #464100
502 Washington Avenue, Suite 410
Towson, MD 21204
410.769.8100
410.769.8344 (fax)
Attorney for Third-Party Defendant,
   Day & Zimmermann Services, Inc.

## POINTS AND AUTHORITIES

FRCP 55(c).

Mary Malloy Dimaio

## CERTIFICATE OF SERVICE

I hereby certify that on this _10th_ day of May, 2007, the foregoing Opposition to Motion for Default Judgment was filed electronically and served on all counsel of record.

Mary Malloy Dimaio

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATALIE HSIEH, et al.                    *

     Plaintiffs                         *

vs.                                      *        Case No.:  1:06-cv-01218-CKK

UNITED STATES OF AMERICA, et al.    *

     Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AFFIDAVIT

I, William R. Hamm, Esquire, hereby testify under due oath as follows:

1. I am over the age of 18 years and am competent to testify as to the facts set forth herein.

2. I am the Senior Vice President and General Counsel to The Day & Zimmermann Group, Inc., the ultimate parent company to an entity known as Day & Zimmermann Services, Inc.

3. Day & Zimmermann Services, Inc. was divested of its assets and ceased operating in the business of facility maintenance and base operations support services to U.S. government agencies in 2004.

4. Because Day & Zimmermann Services, Inc. sold its contract with the General Services Administration to Consolidated Engineering Services, Inc. in the summer of 2004, Day & Zimmermann Services, Inc. was no longer on site and had no operational responsibilities with respect to the D.C. Steam Distribution Complex as of the date of the Plaintiffs' incident herein, September 11, 2004, and had no notice that it had occurred.

5. When the Third-Party Complaint was forwarded by Corporation Trust, Inc.,

the resident agent, in January, 2007, there was no individual attorney within the Day &

Zimmerman Group, Inc. law department who was responsible for providing general

counsel services to Day & Zimmermann Services, Inc. because it had ceased its

operations as of 2004. Thus, the Third-Party Complaint was routed inappropriately

internally and was left with a company employee who did not understand the significance

of the document. Senior management was unaware that it had been received until being

notified by counsel on May 7, 2007.

I hereby declare and affirm under the penalties of perjury that the contents of the

foregoing Affidavit are true and correct.

William R. Hamm
Senior Vice President and
  General Counsel,
The Day & Zimmermann Group, Inc.

Sworn to and subscribed before me on this 9th day of May, 2007.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MADELINE I. SANTIAGO, Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 18, 2007