THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| NATALIE T. HSEIH, et al. | : |
| Plaintiffs | : |
| v. | : Case No: 1:06-cv-01218-CKK |
| UNITED STATES OF AMERICA, et al. | : |
| Defendants | : |
| and | : |
| CONSOLIDATED ENGINEERING SERVICES, INC. | : |
| Defendant / Third-Party Plaintiff | : |
| v. | : |
| DAY & ZIMMERMAN SERVICES, INC. | : |
| Third-Party Defendant | : |

**DEFENDANT CONSOLIDATED ENGINEERING SERVICES INC.'S REPLY TO THIRD-PARTY DEFENDANT DAY & ZIMMERMAN SERVICES, INC.'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AGAINST**

COMES NOW Defendant, Counter-Plaintiff and Third-Party Plaintiff Consolidated Engineering Services, Inc. ("CESI") by and through its counsel, William J. Hickey, Esquire and Robert M. Gittins, Esquire of the Law Offices of William J. Hickey, and hereby replies to Third-Party Defendant Day & Zimmerman Services, Inc.'s ("D&Z") Opposition to CESI's Motion for Default Judgment. In support thereof, CESI states as follows:

1.    In its Opposition, D&Z does not contend that it was not properly served with CESI's Third-Party Complaint on January 19, 2007. In fact, D&Z admits that the Third-Party Complaint was forwarded by its registered agent and was "routed inappropriately internally"

within D&Z.  *See* D&Z Opposition, ¶ 1.

  2. There can be no argument that D&Z is in default as it was properly served and failed to file a responsive pleading by February 8, 2007 as required by FRCP 12 (a)(1)(4).

  3. In order to obtain relief from its default, D&Z must demonstrate, pursuant to FRCP 60(b), one of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

  4. In its Opposition, the only defense proffered by D&Z is No. (1) above as it contends that is failure to file a responsive pleading "was not willful, intentional or the result of gross negligence."  *See* D&Z Opposition, ¶ 2.

  5. Due to D&Z's admission that it was properly served and that it obtained CESI's Third-Party Complaint from its registered agent, it beggars credulity that a rational D&Z employee presented with CESI's Third-Party Complaint would not have taken the reasonable and uncomplicated steps of bringing the existence of said Third-Party Complaint to the appropriate legal representative within the organization.  In failing to do so, D&Z made a willful and intentional decision to ignore CESI's Third-Party Complaint.  Consequently, D&Z has not presented a valid defense under FRCP 60(b) under which it may seek relief from its default.

6. D&Z further argues that its failure to file a responsive pleading would not prejudice CESI or any of the other parties in this dispute. This allegation holds no merit. Discovery in this dispute has been completed. The parties have participated in a Settlement Conference. By allowing D&Z to now file its Answer, discovery would likely have to be re-opened to allow D&Z to propound, and respond to, discovery requests to/from other parties. Additional depositions may need to be taken, or retaken. The dynamic of settlement negotiations will be changed both for CESI, as well as co-defendants USA and GSA due to the inclusion of an additional joint tortfeasor. Allowing D&Z to now participate in this case rewards an identified party for intentionally ignoring the properly served Third-Party Complaint by CESI. D&Z had ample opportunity to file a responsive pleading. Rather, it elected to ignore the pleading and now seeks to prejudice the remaining parties, as well as unduly delay these proceedings.

WHEREFORE, CESI respectfully requests that the Court grant its Motion for Default Judgment and execute the proposed Order attached to said Motion entering a default judgment against D&Z for its failure to respond to CESI's Third-Party Complaint.

Respectfully submitted,
Law Offices of William J. Hickey

   /s/ Robert M. Gittins
Robert M. Gittins, Bar No. 490016
William John Hickey, Bar No: 928945
Law Offices of William J. Hickey
33 Wood Lane
Rockville, Maryland 20850
301-424-6300
Counsel for the Defendant CESI

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served via electronic filing or mailed, postage prepaid, this 17th day of May, 2007, to the following:

Robert B. Adams, Esquire
Gammon & Grange, P.C.
8280 Greensboro Drive
McLean, Virginia  22102-380

Jeffrey A. Taylor, Esquire
Rudolph Contreras, Esquire
Karen L. Melnik, Esquire
Judiciary Center Building
555 4th Street, NW, Rm. E-4112
Washington, DC 20530

Mary Malloy Dimaio, Esq.
Law Office of Maher & Associates
502 Washington Avenue
Suite 410 – Nottingham Centre
Towson, MD 21204

                                                          /s/ Robert M. Gittins
                                                          Robert M. Gittins