UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATALIE T. HSIEH, *et al.*,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

CONSOLIDATED ENGINEERING
SERVICES, INC.,

    Defendant and Third-Party Plaintiff,

    v.

DAY & ZIMMERMAN SERVICES, INC.,

    Third-Party Defendant.

Civil Action No. 06-1218 (CKK)

**ORDER**
(May 23, 2007)

Defendant Consolidated Engineering Services, Inc. ("CESI") filed a Third-Party Complaint, with leave of the Court, against Third-Party Defendant Day & Zimmerman Services, Inc. ("D&Z") on January 16, 2007. On May 8, 2007, CESI filed a [49] Motion for Default Judgment against D&Z, in which CESI indicated that D&Z's registered agent was served with a copy of CESI's Summons and Third-Party Complaint by Certified Mail, Return Receipt Requested on or about January 19, 2007. CESI Mot. at 2.

On May 9, 2007, D&Z filed an Answer to CESI's Third-Party Complaint, and on May 10, 2007, D&Z filed an Opposition to CESI's Motion for Default Judgment. In its Opposition, D&Z asserts that its failure to answer CESI's Third-Party Complaint was not willful, intentional, or the

result of gross negligence, but rather that CESI's Third-Party Complaint was improperly routed within D&Z's parent company, Day & Zimmerman Group, Inc. D&Z Opp'n at 1-2. In support of its Opposition, D&Z attaches the May 9, 2007 Affidavit of William R. Hamm, Esquire, Senior Vice President and General Counsel to the Day & Zimmerman Group, Inc. D&Z Opp'n, Ex. A. In his Affidavit, Mr. Hamm avers that D&Z "was divested of its assets and ceased operating in the business of facility maintenance and base operations support services to U.S. government agencies in 2004." *Id.* ¶ 3. Mr. Hamm further avers that when CESI's Third-Party Complaint was forwarded by its registered agent, "there was no individual attorney within the Day & Zimmerman Group, Inc. law department who was responsible for providing general counsel services to [D&Z] because it had ceased its operations as of 2004." *Id.* ¶ 5.

In response, CESI argues that "[i]n order to obtain relief from its default" D&Z must meet the standard set forth in Federal Rule of Civil Procedure 60(b), and further argues that D&Z has failed to meet that standard. CESI Reply at 2. CESI is correct that, pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default or a judgment by default in accordance with Rule 60(b). Fed. R. Civ. P. 55(c). However, no default has been entered against D&Z in this matter – as D&Z filed its Answer and Opposition before a default was entered – and there certainly has not been a default judgment against D&Z in this matter. Accordingly, the standard set forth in Rule 60(b) is not applicable to the instant action. Moreover, although D&Z does not deny that it was properly served with CESI's Third-Party Complaint on January 19, 2007, D&Z has offered a plausible explanation, albeit acting negligently, for its failure to respond within the time limit set forth in Federal Rule of Civil Procedure 12(a)(1)(A).

The Court also notes that, although discovery has been completed in the principal action,

there has been no resolution of the principal action, the parties to the principal action are currently engaged in settlement negotiations before Magistrate Judge John M. Facciola (in which D&Z can immediately join), and dispositive motions will not be filed in the principal action until September 7, 2007.  Furthermore, pursuant to the Court's May 11, 2007 Order, CESI was required to make all materials produced in discovery in the principal action available to D&Z's counsel starting on May 15, 2007, and D&Z's counsel was required, by May 31, 2007, to become sufficiently familiar with such discovery materials as to be able to participate in the ongoing mediation efforts.  It therefore appears that – other than possibly being forced to engage in additional discovery – CESI will not be prejudiced if D&Z is allowed to participate in this action.  In the event that CESI is forced to incur additional costs with respect to discovery that has already been completed, e.g., as a result of having to re-take depositions, the Court shall be willing to consider whether D&Z should be required to reimburse CESI for such costs.

     Accordingly, it is this 23rd day of May, 2007 hereby

     **ORDERED** that CESI's [49] Motion for Default Judgment is DENIED, such that D&Z shall be allowed to participate in this action on a going-forward basis; it is further

     **ORDERED** that D&Z shall immediately begin participating in the ongoing mediation efforts before Magistrate Judge Facciola; it is further

     **ORDERED** that counsel for CESI and D&Z shall confer and determine what, if any, additional discovery may be required as a result of D&Z's participation in this action.  On or before June 15, 2007, CESI and D&Z shall file with the Court a Joint Status Report as to Discovery Plan, setting forth any additional discovery that will be required as a result of D&Z's participation in this action, as well as dates by which CESI and D&Z anticipate that discovery

will occur; it is further

**ORDERED** that D&Z shall adhere to the briefing schedule for dispositive motions set forth in the Court's May 11, 2007 Order: (1) dispositive motions shall be filed on or before September 7, 2007.  All parties' oppositions to these dispositive motions shall be filed on or before October 12, 2007, and all parties' replies in support of their dispositive motions shall be filed on or before November 9, 2007.

**SO ORDERED**.

                                                                    /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge