UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. )<br>)<br>_____)<br>CONSOLIDATED ENGINEERING )<br>SERVICES, INC., defendant and )<br>third-party plaintiff, )<br>)<br>v. )<br>)<br>DAY & ZIMMERMAN )<br>SERVICES, INC., third-party defendant. )<br>)<br>_____) | Civil Action No. 1:06-cv-01218<br>(CKK/JMF)<br><br>Next event:   September 7, 2007<br>              Dispositive Motions<br>              Deadline |

## DEFENDANTS CONSOLIDATED ENGINEERING SERVICES, INC., UNITED STATES OF AMERICA AND GENERAL SERVICES ADMINISTRATION'S MOTION FOR SUMMARY JUDGMENT AGAINST MATTHEW M. HSIEH

Defendants Consolidated Engineering Services, Inc. ("CESI"), United States of America and General Services Administration ("Federal Defendants"), by undersigned counsel, pursuant to Fed. R. Civ. P. 56 and Local Rule 7 (LCvR 7), hereby move this Honorable Court for Summary Judgment against Matthew M. Hsieh ("Hsieh").[1] Based on the material facts not in dispute, as a matter of law, CESI and the Federal Defendants (collectively the "Defendants") are entitled to summary judgment on Hsieh's Complaint against Defendants since Hsieh was contributorily negligent. A Statement of Material

---

[1] Defendants are not moving for summary judgment with respect co-plaintiff Natalie Hsieh.

Facts with Exhibits, Memorandum of Points and Authorities, and Proposed Order are being filed this same day.

WHEREFORE, for the reasons stated in this Motion, the Statement of Material Facts, and the Memorandum of Points and Authorities in Support of the Motion, Defendants respectfully request that this Honorable Court grant Summary Judgment in their favor on Plaintiff Matthew M. Hsieh's Complaint, award Defendants their costs, and order such other relief as the Court deems proper.

**DEFENDANTS RESPECTFULLY REQUEST ORAL ARGUMENT ON THE MOTION**

        CONSOLIDATED ENGINEERING SERVICES, INC.

By: /s/ David D. Hudgins
    David D. Hudgins (D.C. Bar # 362451)
    HUDGINS LAW FIRM, P.C.
    515 King Street, Suite 400
    Alexandria, VA 22314
    Tel: (703) 739-3300
    Fax: (703) 739-3700
    *Counsel for Consolidated Engineering Services, Inc.*

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. )<br>)<br>_____)<br>CONSOLIDATED ENGINEERING )<br>SERVICES, INC., defendant and )<br>third-party plaintiff, )<br>)<br>v. )<br>)<br>DAY & ZIMMERMAN )<br>SERVICES, INC., third-party defendant. )<br>)<br>_____) | Civil Action No. 1:06-cv-01218<br>(CKK/JMF)<br><br>Next event:   September 7, 2007<br>                      Dispositive Motions<br>                      Deadline |

**DEFENDANTS CONSOLIDATED ENGINEERING SERVICES, INC., UNITED STATES OF AMERICA AND GENERAL SERVICES ADMINISTRATION'S STATEMENT OF MATERIAL FACTS
<u>AS TO WHICH THERE IS NO GENUINE ISSUE</u>**

Defendants Consolidated Engineering Services, Inc. ("CESI"), United States of America and General Services Administration ("Federal Defendants"), by undersigned counsel, pursuant to Fed. R. Civ. P. 56 and LCvR 7(h), provide their Statement of Material Facts as to which there is no genuine dispute, as follows:

<u>Material Facts Not in Dispute</u>

1.   Plaintiff Matthew Hsieh ("Plaintiff") is a licensed physician employed as a staff clinician with the National Institutes of Health.  He is the father of co-plaintiff

Natalie Hsieh, who was three-and-a-half years old in September 2004, the time of the incident giving rise to the claims in this action. See Exhibit 1 (Deposition of Matthew Hsieh) ("Hsieh dep.") at 7:16-19; 24:12-15.

2. Previous to the incident at issue in this case, Plaintiff had come into contact with steam emanating from grates, and had "noticed them to be at least warm." See id. at 18:2-6.

3. Plaintiff knew from his experience that what is emitted from grates or manholes is "warmer than the ambient . . . environmental temperature." See id. at 85:5-12.

4. On September 11, 2004, "[i]t was sunny. The temperature was in the 70s . . ." See id. at 22:3-5.

5. Plaintiff, his daughter, and his friend Naoko, walked from the Spy Museum to the FBI building. See id. at 22:11-22; 23:18-20.

6. Plaintiff pushed his daughter in a stroller. See id. at 23:22 - 24:1.

7. They went to the FBI building because Naoko wanted a picture taken right in front of the building. See id. at 25:8-11. A picture was taken by Plaintiff Matthew Hsieh in front of the building before the alleged injury occurred. See id. at 25:14-16.

8. September 11, 2004, was a Saturday and the foot traffic on the sidewalk was light. See id. at 26:1:7.

9. Plaintiff saw steam coming from the grate that was next to him when he was in front of the FBI building. See id. at 26:8-12; 38:13-17; 42:10-15; 86:4-12; 87:14-16. Plaintiff also saw large planters in the area. See id. at 83:12-16. See also Exhibit 2 (Photographs).

10. While taking a picture, "the steam or emissions . . . were somewhere close to us. [Plaintiff] didn't think much of it, and [he] just walked in that general direction. See id. at 32:11-15.

11. Plaintiff walked over the steam grate while pushing his daughter in a stroller. See id. at 38:20 - 39:9.

12. Plaintiff could have gone in "[a] few different directions," see id. at 88:8-12, but going over the steam grate "was just more convenient . . ." See id. at 39:13-17.

CONSOLIDATED ENGINEERING
SERVICES, INC.


By: /s/ David D. Hudgins
 David D. Hudgins (D.C. Bar # 362451)
 HUDGINS LAW FIRM, P.C.
 515 King Street, Suite 400
 Alexandria, VA 22314
 Tel: (703) 739-3300
 Fax: (703) 739-3700
 *Counsel for Consolidated Engineering Services, Inc.*


 /s/
 JEFFREY A. TAYLOR, D.C. BAR # 498610
 United States Attorney


 /s/
 RUDOLPH CONTRERAS, D.C. BAR # 434122
 Assistant United States Attorney

3

/s/
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, et al.,       )<br>       )<br>Plaintiffs,       )<br>       )<br>v.       )<br>       )<br>UNITED STATES OF AMERICA, et al., )<br>       )<br>Defendants.       )<br>       )<br>CONSOLIDATED ENGINEERING )<br>SERVICES, INC., defendant and )<br>third-party plaintiff,       )<br>       )<br>v.       )<br>       )<br>DAY & ZIMMERMAN )<br>SERVICES, INC., third-party defendant. ) | Civil Action No. 1:06-cv-01218<br>(CKK/JMF)<br><br>Next event:   September 7, 2007<br>                 Dispositive Motions<br>                 Deadline |

## DEFENDANTS CONSOLIDATED ENGINEERING SERVICES, INC., UNITED STATES OF AMERICA AND GENERAL SERVICES ADMINISTRATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AGAINST MATTHEW M. HSIEH

Defendants Consolidated Engineering Services, Inc. ("CESI"), and United States of America and General Services Administration (the "Federal Defendants"), by undersigned counsel, pursuant to Fed. R. Civ. P. 56 and Local Rule 7 (LCvR 7), hereby move this Honorable Court for Summary Judgment against Matthew M. Hsieh ("Hsieh"). Based on the material facts not in dispute, as a matter of law, defendant CESI and the Federal Defendants (collectively "Defendants") are entitled to summary judgment on Plaintiff Matthew M. Hsieh's Complaint. In support hereof, Defendants state as follows:

I.  **FACTUAL BACKGROUND**

Plaintiff Matthew M. Hsieh, a doctor employed with the National Institutes of Health (NIH), filed suit against Defendants for injuries he sustained allegedly as a result of walking over a steam grate or manhole cover near the FBI/Hoover Building in Washington, D.C. on September 11, 2004 (See Statement of Material Facts ¶ 1 ("SMF 1"); and *see generally* Second Amended Complaint). On the date of the incident, plaintiff Hsieh, his daughter (also a plaintiff), and his friend Naoko, walked from the Spy Museum to the FBI building, with Hsieh pushing his daughter in a stroller (SMF 5 and 6). Naoko wanted a picture of the FBI building (SMF 5).

Hsieh, his daughter, and Naoko stopped in front of the FBI building to take a picture (SMF 7). When Hsieh was standing in front of the FBI building, he saw steam coming from the grate that was next to him (SMF 9). Prior to that date, Plaintiff had previously come into contact with steam emanating from grates, and had "noticed them to be at least warm" (SMF 2). Dr. Hsieh knew from his experience that what is emitted from grates or manholes is "warmer than the ambient . . . environmental temperature" (SMF 3). On the date of the incident, "[i]t was sunny. The temperature was in the 70s . . ." (SMF 4).

Despite seeing steam, Hsieh chose to walk over the steam grate (SMF 10, 11, and 12). Hsieh was not forced to walk over the steam grate (SMF 12). He did not have to walk in that direction over the steam grate; there were other routes he could have taken (SMF 12). He just felt that the route over the grates was "more convenient" (SMF 12). There was only light traffic on the sidewalk, but he chose to go over the steaming grate

2

(SMF 8 and 12). Additionally, there were also large concrete planters around the area (SMF 9).

In short, Plaintiff Hsieh saw steam/emissions coming out of the steam grate, had other routes available to him, was not forced to walk over the steam grate, yet he still chose to walk over the steam grate and through the steam coming out of it.

## II.     LEGAL STANDARDS

Summary judgment is properly entered, under Federal Rule of Civil Procedure 56, if the evidence before the Court establishes that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists only if a "fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Only disputes that may affect the outcome of the case are considered material. Id. at 248.

The moving party has the initial burden to show the absence of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. The non-moving party may not rest upon mere denials but must demonstrate that a triable issue of fact exists. Anderson, 477 U.S. at 248. If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. at

3

249-50 (citations omitted). Moreover, unsupported speculation is insufficient to defeat a motion for summary judgment. Brown v. Brody, 199 F.3d 446, 458-59 (D.C. Cir. 1999).

### III. ARGUMENT

Plaintiff Hsieh was contributorily negligent when he walked over a steam grate after he saw that it was emitting steam. Contributory negligence has been defined as "the failure to act with the prudence of an ordinary reasonable person under the circumstances." Queen v. Wash. Metro. Area Transit Auth., 842 F.2d 476, 479 (1988) (citing Stager v. Schneider, 494 A.2d 1307, 1311 (D.C. 1985)). Plaintiff Hsieh acted with less than ordinary care, and his contributory negligence is a bar to his claim against Defendants.

The case of Krombien v. Gali Serv. Indus., Inc., 317 F. Supp.2d 14 (D.D.C. 2004) is similar to this case. In Krombien, the Court granted defendant Gali's motion for summary judgment as plaintiff Krombien failed to act reasonably and was contributorily negligent as a matter of law. Id. at 18-20. Krombien was employed as an attorney for the United States Army Corps of Engineers. She arrived at work and rode the elevator with another passenger to the eighth floor, where her office was located. Id. at 16. When the elevator stopped at the eighth floor, both the plaintiff and the other passenger exited and entered a vestibule, from which a hallway to her right and a hallway to her left led to plaintiff's office. Id. The hallway to the right provided a 200 foot distance to her office, whereas the hallway to the left provided a shorter path. Id.

The other passenger proceeded down the hallway to the right. Id. Krombien, however, elected to take the hallway to the left. Id. Prior to taking the hallway to the left, Krombien noticed "one or two . . . yellow wet floor signs." Id. Plaintiff observed

the shininess of the floor, which made her realize it was wet. Id. In addition, she observed three individuals wearing clothing that identified them as cleaning personnel. Id. The plaintiff saw a mop and cleaning pail in their possession. Id. Nothing indicated that the hallway to the right was in a wet, slippery condition. Id.

Krombien did not have a busy schedule that morning, so she was not in a hurry to get to her office. Id. Nevertheless, she continued walking down the hallway to the left. Id. After taking about ten to twelve steps from the elevator, she slipped and fell. Id. Following her fall, Krombien got up as quickly as possible and walked to her office where she "shook for awhile." Id.

The Court granted defendant's motion for summary judgment, holding that Gali was entitled to judgment as a matter of law on the issue of contributory negligence because plaintiff failed to raise a genuine issue for trial. Id. at 20. Although this Circuit has recognized that "only in exceptional cases will questions of negligence [and] contributory negligence . . . pass from the realm of fact to one of law," there are circumstances where "the evidence is so clear and undisputed that fair-minded men can draw only one conclusion" and the issue becomes a matter of law Id. at 18-19 (citations omitted). Using this standard, the Court stated that "defendant Gali's evidence amply illustrates that the plaintiff walked where the ordinary reasonable person would fear to tread." Id. at 20.

Specifically, Gali satisfied its burden of proving contributory negligence by relying on the following undisputed evidence:

> First, the plaintiff knew about the slippery condition of the floor, based on her visual observation of the floor itself and one or two cautionary wet-floor signs. Second, the plaintiff understood that a wet floor poses the peril of slipping and

5

> falling to the ground. Finally, plaintiff admitted that she could have avoided the wet floor by taking the available alternate route to her office.

Id. at 19 (internal citations omitted). The aforementioned facts established that "the plaintiff acted with less than ordinary care" when she decided to travel across the wet hallway, rather than selecting the alternative dry route. Id. In light of the foregoing, the Court granted defendant Gali's motion for judgment. Id. at 18-20.

Likewise, in this case, plaintiff Matthew Hsieh saw the steam emitting from the manhole. See SMF 9. Despite seeing the steam (not in the middle of winter but in the heat of late summer), Hsieh chose to take a path over the grate. See SMF 9 and 12. Hsieh admitted that he was not forced to take the path that led him over the steam grate, and that there were "a few different directions" he could have taken. See SMF 12. Hsieh, like the plaintiff in Krombien, chose a particular route because "it was just more convenient to go the path that [he] took," despite the visible signs of danger. See id.

In another case, O'Connor v. District of Columbia, 921 F. Supp. 5 (D.D.C. 1996), the Court granted the District of Columbia's motion for summary judgment on the grounds that the plaintiff was contributorily negligent. Id. at 8. The plaintiff was injured when she fell on Pennsylvania Avenue, N.W., while attempting to avoid a puddle of water which had accumulated at the corner of 9th Street and Pennsylvania Avenue. Id. at 6. O'Connor veered to the left, "hoping that the light would change and [she] would be able to proceed across Pennsylvania without having to go through the water." Id. When the plaintiff stepped into the traffic lane on Pennsylvania Avenue, she heard someone scream, "[l]ookout. Here comes a bus." Id. A WMATA bus was approaching plaintiff while she was in the traffic lane, so she quickly jumped back toward the curb, fell, and

6

thereby injured herself. During plaintiff's deposition, she admitted that she "didn't have a chance to" look for oncoming traffic. Id.

In light of the foregoing, the Court granted the District of Columbia's motion for summary judgment and held that plaintiff was contributorily negligent as a matter of law. Id. at 8. The District Court opined that, "no reasonable fact finder, given the undisputed facts that plaintiff stepped into heavily traveled Pennsylvania Avenue without looking (even briefly) for oncoming traffic or for traffic signals, could fail to conclude that she was contributorily negligent, as controlling common law precedent has defined negligence." Id. Moreover, the plaintiff's negligence proximately caused her injury. Id.

In this case as in that case, no reasonable fact finder could fail to conclude that Matthew Hsieh was contributorily negligent when he chose to walk over a steaming manhole grate, knowing that the steam was hotter than the outside temperature. See SMF 2, 3, and 4. This is particularly true because Hsieh had other paths available to him which posed no danger. See SMF 12. Consequently, Hsieh's claims should be barred because of his contributory negligence.

In Poyner v. Loftus, the plaintiff, who was legally blind, fell from an elevated walkway. Poyner v. Loftus, 694 A.2d 69, 69 (D.C. 1997). The Court of Appeals affirmed the trial court decision to grant the defendant's motion for summary judgment, concluding that the plaintiff was contributorily negligent as a matter of law. Id.

The undisputed facts revealed that plaintiff could only see approximately six to eight feet in front of him. Id. at 70. Nevertheless, he did not use a seeing eye dog or a cane when pursuing daily activities. Id. On the date of the incident, plaintiff walked from his home to a local dry cleaning establishment, where the entrance was next to an

7

inclined platform approximately four feet above street level. Id. The plaintiff testified that he was familiar with the general layout of this particular area of town because he had walked by it three or four times in the past. Id. Plaintiff noted that there were bushes along the edge of the platform, and that these bushes provided a natural barrier, preventing him from falling if he walked too far. Id. On this particular day, however, one of the bushes was missing, and there was nothing to restrain the plaintiff from falling. Id. Consequently, when someone called out plaintiff's name from Connecticut Avenue, he turned his head to the right and proceeded to walk forward to the end of the platform where he thought a bush would be, but he fell. Id.

In affirming the trial court's decision to grant the defendant's motion for summary judgment on the grounds that the plaintiff was contributorily negligent as a matter of law, the Court held that "no impartial jury could reasonably find otherwise." Id. at 71. Specifically, the Court noted that:

> A plaintiff has not exercised due care if he has failed to look at all or to look observantly and see what should have been plainly visible. In this case, [plaintiff] acknowledged that his attention was distracted when someone called his name, and that he turned his head to the right, but continued to walk forward.

Id. (internal citation and quotation marks omitted). Accordingly, because the plaintiff was alone, used neither a seeing eye dog nor cane, and looked away at the critical moment, he was found contributorily negligent as a matter of law. See id.

Again, in this case as in Poyner, no reasonable fact finder could conclude that Matthew Hsieh was not contributorily negligent. Hsieh chose to walk over a steaming manhole grate, even having previously looked at the steam and even knowing that the

8

steam was hotter than the outside temperature. See SMF 2, 3, 4, 9, 11, and 12. Consequently, Hsieh's claims should be barred because of his contributory negligence.

In Foshee v. Consolidated Rail Corporation, the Court affirmed the District Court's decision to grant the defendant's motion for judgment notwithstanding the verdict on the grounds of undisputed contributory negligence by the plaintiff. Foshee v. Consol. Rail Corp., 849 F.2d 657, 657 (D.C. Cir. 1988).

The critical facts involve a thirteen-year-old boy who was with six of his friends on railroad property. Id. The boys crossed the railroad property with the intent of visiting a video arcade on the other side of the tracks. Id. The boys discussed "hopping" a Conrail freight train that was approaching, because several of the boys in the area had hopped trains in the past. Id. No agreement had been reached regarding a plan to hop the train. Id. Nevertheless, as the train approached at a speed of nineteen miles per hour, within a distance of no more than ten feet from the plaintiff, he somehow came to be under the wheel of the train. Id. at 658.

Plaintiff alleged that the defendant failed to erect fences or take any affirmative measures to deter the public from entering the railroad's property. Id. Moreover, plaintiff argued that the defendant knew of the substantial pedestrian traffic over its property, and its omission to deter people constituted a failure by the defendant to act reasonably. Id. Yet, the Court affirmed the trial court's decision to overturn the jury's verdict. Id.

The significant undisputed fact was that the thirteen-year old boy came within a few feet of a moving train. Id. Further, "young children, even younger than this

9

plaintiff, are expected to discover and avoid the danger of a moving train." Id. at 658 (*quoting* Foshee v. Consol. Rail Corp., 661 F. Supp. 350, 355 (D.D.C. 1987)).

In light of the foregoing, the court affirmed the judgment notwithstanding the verdict based upon the plaintiff's contributory negligence. Id. at 658-659. There was a "complete lack of evidence to support the jury's conclusion that [the plaintiff] was not contributorily negligent." Id. at 659.

The undisputed facts show that Plaintiff Hsieh was contributorily negligent. Plaintiff saw the steam, knew that it was hotter than the ambient temperature, and failed to avoid the danger when he indisputably had other routes he could have taken. As such, defendants are entitled to judgment as a matter of law.

## IV.   CONCLUSION

As a matter of law, plaintiff Matthew M. Hsieh cannot prevail on his claim for negligence against Defendants since plaintiff Hsieh was contributorily negligent. The undisputed facts as applied to the law demonstrate that Matthew M. Hsieh cannot carry the burden on his claim due to his contributory negligence, and Defendants are entitled to judgment as a matter of law.

CONSOLIDATED ENGINEERING
SERVICES, INC.


By: /s/ David D. Hudgins
    David D. Hudgins (D.C. Bar # 362451)
    HUDGINS LAW FIRM, P.C.
    515 King Street, Suite 400
    Alexandria, VA 22314
    Tel: (703) 739-3300
    Fax: (703) 739-3700
    *Counsel for CESI*




/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. )<br>)<br>_____ )<br>CONSOLIDATED ENGINEERING )<br>SERVICES, INC., defendant and )<br>third-party plaintiff, )<br>)<br>v. )<br>)<br>DAY & ZIMMERMAN )<br>SERVICES, INC., third-party defendant. )<br>)<br>_____ ) | Civil Action No. 1:06-cv-01218<br>(CKK/JMF)<br><br>Next event:   September 7, 2007<br>               Dispositive Motions<br>               Deadline |

## ORDER

UPON CONSIDERATION of Defendants Consolidated Engineering Services, Inc., United States of America and General Services Administration's Motion for Summary Judgment against Plaintiff Matthew M. Hsieh upon Hsieh's Complaint against Defendants; and the submissions filed, along with the entire record herein; and [the lack of] any opposition to the motion; it is hereby

ORDERED that Defendants' Motion for Summary Judgment against Plaintiff Matthew M. Hsieh is GRANTED and his claims are dismissed with prejudice

_____
Colleen Kollar-Kotelly
United States District Judge

cc:

David D. Hudgins (D.C. Bar # 362451)
Hudgins Law Firm, P.C.
515 King Street, Suite 400
Alexandria, VA  22314

Karen L. Melnik (D.C. Bar # 436452)
Assistant United States Attorney
555  4th Street, NW, Rm. E 4112
Washington, DC  20530

Robert B. Adams
Timothy R. Obitts
Gammon & Grange, P.C.
8280 Greensboro Drive, 7th Floor
McLean, VA  22102

Mary Malloy Dimaio (D.C. Bar # 464100)
Maher & Associates
Nottingham Center, Suite 410
502 Washington Avenue
Towson, MD 21204