UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 1:06-cv-01218 |
| ) | (CKK/JMF) |
| v. ) | |
| ) | Next event: December 10, 2007 |
| UNITED STATES OF AMERICA, et al., ) | Replies to Dispositive |
| ) | Motions Deadline |
| Defendants. ) | |
| ) | |
| _____) | |
| CONSOLIDATED ENGINEERING ) | |
| SERVICES, INC., defendant and ) | |
| third-party plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DAY & ZIMMERMAN ) | |
| SERVICES, INC., third-party defendant. ) | |
| ) | |
| _____) | |

**DEFENDANTS CONSOLIDATED ENGINEERING SERVICES, INC., UNITED STATES OF AMERICA AND GENERAL SERVICES ADMINISTRATION'S REPLY MEMORANDUM IN SUPPORT OF THEIR <u>MOTION FOR SUMMARY JUDGMENT AGAINST MATTHEW M. HSIEH</u>**

Defendants Consolidated Engineering Services, Inc. ("CESI"), and the United States of America and the General Services Administration (the "Federal Defendants"), by undersigned counsel, pursuant to Fed. R. Civ. P. 56 and Local Rule 7 (LCvR 7), hereby file their Reply Memorandum supporting their Motion for Summary Judgment against Matthew M. Hsieh ("Hsieh" or "Dr. Hsieh"). Based on the material facts not in dispute, as a matter of law defendant CESI and the Federal Defendants (collectively

"Defendants") are entitled to Summary Judgment on plaintiff Matthew M. Hsieh's Complaint. In support hereof, Defendants state as follows:

## I.     FACTS

As set forth in the original Motion, there is no genuine dispute as to the material facts in this case. In his Opposition, Hsieh does not dispute any of the material facts established by Defendants in their Statement of Material Facts, except that Hsieh seemingly attempts to contradict his own testimony on his characterization of the nature of the foot traffic on the sidewalk on the date of the incident. In his deposition, Hsieh described the foot traffic as "light". In his Opposition, he says that an FBI employee testified that a lot of tourists visit the area around the FBI building. The FBI officer was not an eyewitness to the events as they occurred, only its aftermath, and cannot speak directly to the nature of the foot traffic at the instant of the incident. Moreover, even if the Court were to assume that Hsieh's own testimony is not to be believed on that point, it is also undisputed that Hsieh had other routes available to him so that he did not have to walk through the steam. This undisputed fact renders moot Hsieh's attempt to contradict his own testimony as to the quantity of foot traffic. By his own admission, even if there was heavier foot traffic, Hsieh still did not have to walk over the steam grate.

Incredibly, Hsieh also asserts in his Statement of Facts in Opposition that the vapor/emission from the grate on the sidewalk was not "steam". Hsieh Opp. at Statement of Facts, p. 1. He claims such an assertion is "not borne out by the evidence". See id. If that is the case, then **all** Defendants should be granted summary judgment as to **both** Natalie and Matthew Hsieh. The only emission that could have come from the Steam Distribution Complex is steam; no fact or expert witness, including Hsieh's designated

expert, has testified that the emission was anything other than steam or some combination of water and air. Hsieh takes the position in his Opposition that the evidence does not show that steam was coming out of the grate. The core allegation of the Complaint is that he and his daughter were injured as a result of an exposure to steam. If there was no steam, then Hsieh and his daughter have not presented a prima facie case against Defendants. If the Hsiehs contend that the emission was not steam, then the emission did not come from the steam distribution complex, and Defendants should be granted summary judgment.

Additionally, to the extent that plaintiff Matthew Hsieh provides other numbered statements in his Opposition, Defendants respond that Hsieh's statements do not provide any genuine dispute of material fact. In response to the numbered paragraphs, Defendants respond as follows:

1.   The matter alleged in this paragraph does not provide a genuine dispute of any material fact. However, Defendants respond by denying the statement, except to admit that just prior to the incident on September 11, 2004, the Hsiehs were on a public sidewalk adjacent to the FBI Building at the corner of 10th Street and Pennsylvania, NW, Washington, DC, with plaintiff Matthew Hsieh pushing his daughter Natalie Hsieh in a stroller. See Defendants' Statement of Material Facts ("SOF") ¶¶ 5-8.

2.   The matter alleged in this paragraph does not provide a genuine dispute of any material fact. See SOF ¶ 9.

3.   The matter alleged in this paragraph does not provide a genuine dispute of any material fact. Although Hsieh provides no support from the record for this statement, in response, Defendants state that there were large concrete planters in the area,

3

encircling the steam grate on both the 10th Street curb line and on the sidewalk closer to FBI Building. See SOF ¶ 9 and photographs attached thereto as Exhibit 2.

4. The matter alleged in this paragraph does not provide a genuine dispute of any material fact. Defendants state that previous to the incident at issue in this case, Hsieh had come into contact with steam emanating from grates, and had "noticed them to be at least warm." SOF ¶ 2. Further, Hsieh knew from his experience that what is emitted from grates or manholes is "warmer than the ambient . . . environmental temperature." SOF ¶ 3.

5. The matter alleged in this paragraph is not only immaterial to Defendants' Motion, but also is argument. In response, Defendants state that Hsieh knew from his experience that what is emitted from grates or manholes is "warmer than the ambient . . . environmental temperature." SOF ¶ 3. Further, on September 11, 2004, Hsieh knew that "[i]t was sunny. The temperature was in the 70's . . ." SOF ¶ 4.

The undisputed material facts are that Dr. Hsieh: (1) saw steam coming from the steam grate, (2) knew the outside temperature was at least 70 degrees, (3) saw planters in the area around the grate, (4) had other routes available to him, and (5) was not forced to walk through the hot steam. Despite these facts, Dr. Hsieh voluntarily chose to walk over a steam grate which was emitting steam, while pushing his daughter's stroller.

## II. ARGUMENT

In his Opposition, Hsieh essentially argues that he can walk on the sidewalk and over the steaming grate with impunity, regardless of an observable danger. This position defies logic, common sense, his own prior knowledge and experience, and the case law. As explained in Defendants' opening motion, a plaintiff has a duty to act reasonably

4

under the circumstances and take steps to protect himself from danger. This is true whether or not the plaintiff is walking on a sidewalk, whether there is a warning sign, or whether the plaintiff has a physical disability. See Foshee v. Consol. Rail Corp., 849 F.2d 657 (D.C. Cir. 1988); Krombien v. Gali Serv. Indus., Inc., 317 F. Supp.2d 14 (D.D.C. 2004); O'Connor v. District of Columbia, 921 F. Supp. 5 (D.D.C. 1996); Poyner v. Loftus, 694 A.2d 69 (D.C. 1997). In his Opposition, Hsieh fails to distinguish these cases from the instant one. He merely states in a conclusory fashion that the plaintiffs in those cases voluntarily confronted a known danger or acted with disregard for their own safety. That is, however, precisely what Hsieh did in this case. The material facts, which are not genuinely disputed, show that Hsieh voluntarily confronted a known danger and failed to act reasonably under the circumstances in consideration for his safety.

In his Opposition, Hsieh proposes a theory that, if accepted, would mean that a plaintiff can completely ignore open and obvious dangers. See Hsieh Opp. at Memorandum, pp. 3, 6, 7. By way of an analogy, a plaintiff could see a large hole in the sidewalk filled with water and, without knowing how deep the hole is, assume the water must be shallow, and step into that hole even though another route around the hole is available. It would be unreasonable to step into that water-filled hole just because one has prior experience with holes that are shallow. Hsieh's theory is not supported by the law, as a person may not ignore the conditions he observes and the life experiences he has acquired. See Foshee v. Consol. Rail Corp., 849 F.2d 657 (D.C. Cir. 1988); Krombien v. Gali Serv. Indus., Inc., 317 F. Supp.2d 14 (D.D.C. 2004); O'Connor v. District of Columbia, 921 F. Supp. 5 (D.D.C. 1996); Poyner v. Loftus, 694 A.2d 69 (D.C. 1997).

The undisputed facts taken together with the case law demonstrate that Hsieh acted with disregard for his own safety. See Queen v. Wash. Metro. Area Transit Auth., 842 F.2d 476, 479 (1988) (citing Stager v. Schneider, 494 A.2d 1307, 1311 (D.C. 1985)); see also Standardized Jury Instructions 5-3 and 5-15. "A reasonable person changes [his] conduct according to the circumstances or according to the danger that [he] knows, or should know, exists. Therefore, as the danger increases, a reasonable person acts in accordance with those circumstances. Similarly, as the danger increases, a reasonable person acts more carefully." See Instruction 5-3. Here, Dr. Hsieh observed the steam emitting from the steam grate prior to walking over it. Moreover, he knew that the temperature outside was over 70 degrees; therefore, the steam had to be hotter than the outside temperature. SOF ¶¶ 3 and 4. Further, he knew that he had other routes available to him. SOF ¶ 12. Despite knowing this information, Hsieh still walked over the steaming grate. In sum, Hsieh ignored a known danger and failed to adjust his actions accordingly.

In addition, Instruction 5-5 states that a plaintiff "is not justified in ignoring obvious danger" even if such danger is created by someone else or by someone else's failure to exercise reasonable care. As noted above, Hsieh ignored the danger of steam emitting from a manhole on a warm day in late summer. Hsieh cannot ignore an observable harm and then claim he was not contributorily negligent. For example, in Safeway Stores, Inc. v. Feeney, 163 A.2d 624 (D.C. App. 1960), plaintiff knew the sidewalk on one side of the street was darker than the other when the defendant grocery store was unloading its delivery truck. Id. at 626. The plaintiff had observed trucks being unloaded previously and knew that the trucks blocked the light, and that there

6

would be obstacles in the sidewalk. Id. The court found that plaintiff failed to exercise reasonable care as a matter of law when he walked on the dark side of the street because he failed to take "the safe course" on the other side of the street. Id. at 627. The court found that plaintiff was contributorily negligent as a matter of law, and reversed the denial of a directed verdict. Id. at 627. See also Krombien, 317 F. Supp.2d at 20 (Plaintiff "walked where the ordinary reasonable person would fear to tread," much less where an ordinary reasonable person with a stroller would "fear to tread."). SOF ¶ 9 and photographs attached thereto as Exhibit 2.

The evidence in this case "is so clear and undisputed that fair-minded men can draw only one conclusion," that Hsieh was contributorily negligent. See Krombien at 18-19 (citations omitted). Hsieh cannot, and does not, dispute the material facts. He failed to act reasonably by ignoring a known harm and by not taking a safe route to avoid the steam. As a result, Defendants are entitled to judgment as a matter of law due to Hsieh's failure to exercise the requisite care under the circumstances.

### III. CONCLUSION

As a matter of law, plaintiff Matthew M. Hsieh cannot prevail on his claim for negligence against Defendants since he was contributorily negligent. Accordingly, Dr. Hsieh is barred from any recovery against Defendants and his Complaint should be dismissed with prejudice.

CONSOLIDATED ENGINEERING
SERVICES, INC.


By:     /s/ David D. Hudgins
        David D. Hudgins (D.C. Bar # 362451)
        HUDGINS LAW FIRM, P.C.
        515 King Street, Suite 400
        Alexandria, VA 22314
        Tel: (703) 739-3300
        Fax: (703) 739-3700
        *Counsel for CESI*



        /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney



        /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney



        /s/
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via electronic filing this 5th day of December 2007 to:

Karen L. Melnik
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
*Counsel for Federal Defendants*

Robert B. Adams
Timothy R. Obitts
Gammon & Grange, P.C.
8280 Greensboro Drive, 7th Floor
McLean, VA 22102
*Counsel for Plaintiffs*

Mary Malloy Dimaio
Maher & Associates
Nottingham Center, Suite 410
502 Washington Avenue
Towson, MD 21204
*Counsel for Third-party Defendant Day & Zimmerman Services, Inc.*

/s/ David D. Hudgins
David D. Hudgins