UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, et al., )<br><br>Defendants. )<br><br>_____)<br>CONSOLIDATED ENGINEERING )<br>SERVICES, INC., defendant and )<br>third-party plaintiff, )<br><br>v. )<br><br>DAY & ZIMMERMAN )<br>SERVICES, INC., third-party defendant. )<br><br>_____) | Civil Action No. 1:06-cv-01218<br>(CKK/JMF)<br><br>Next event: **December 10, 2007**<br>**Replies to Dispositive**<br>**Motions Deadline** |

**CONSOLIDATED ENGINEERING SERVICES, INC.'S REPLY
MEMORANDUM IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST UNITED STATES
AND GENERAL SERVICES ADMINISTRATION**

Consolidated Engineering Services, Inc. ("CESI"), by undersigned counsel, pursuant to Fed. R. Civ. P. 56 and Local Rule 7 (LCvR 7), has moved this Honorable Court for Partial Summary Judgment on the United States of America and General Services Administration's ("US/GSA") Cross-claim against CESI for indemnity and contribution. This Reply addresses the deficient arguments in the US/GSA's Opposition brief. To the extent US/GSA seeks indemnity and contribution for US/GSA's own

negligence, those claims should be summarily dismissed.  In support hereof, CESI states as follows:

Matthew and Natalie Hsieh ("Plaintiffs") allege injuries due to alleged acts or omissions by the US/GSA and/or CESI with regard to the Heating Operation and Transmission District Steam Distribution Complex ("HOTD/SDC").  In its Opposition, the US/GSA presumes, without actual support from the record, that Plaintiffs were injured due to alleged acts or omissions of CESI.  There are disputes of material fact as to whether there was any negligence on the part of the US/GSA and/or CESI that caused Plaintiffs' injuries.  See CESI's Opposition to US's Motion to Dismiss and/or Motion for Summary Judgment.  There is, however, no dispute that plaintiff Matthew Hsieh was contributorily negligent and that he was therefore also negligent in causing his daughter's injuries.  See Defendants' Joint Motion for Summary Judgment against Matthew Hsieh and Defendant CESI's Motion for Summary Judgment on its Counterclaim against Matthew Hsieh.

This Court has jurisdiction over the claims presented.  The Federal Tort Claims Act provides that the government consents to being sued for its own negligence and for contribution as a joint tortfeasor.  See U.S. v. Yellow Cab Co., 340 U.S. 543, 544 (1951); Keleket X-Ray Corp. v. U.S., 275 F.2d 167 (D.C. Cir. 1960).  This Court has jurisdiction for CESI's claims for indemnity/contribution for the US/GSA's negligence, if any negligence can be shown by plaintiffs.  See 28 U.S.C.A. § 1346(b).  As discussed in CESI's Opposition to the US's Motion to Dismiss and/or Motion for Summary Judgment, Plaintiffs have alleged negligence against both CESI and the US/GSA.  Considering this,

the US/GSA should not be permitted to seek indemnity from CESI for the US/GSA's own negligence.

Additionally, Contract No. GS-11P-01-YMC-0085 (the "HOTD/SDC Contract") should not be interpreted to mean that CESI agreed to indemnify the government for the government's own negligence. First, the HOTD/SDC Contract language does not clearly and unequivocally state that. Secondly, even if the language could be interpreted to require CESI to indemnify the US/GSA for the US/GSA's own negligence, the clause relied upon by the US/GSA is not a standard FAR clause and there is no indication in the record that such a deviation was approved. Third, the government contractor defense applies, and CESI should be protected since it followed the specifications of the HOTD/SDC Contract.

CESI also incorporates herein the facts and argument from its other pleadings including its Motion for Summary Judgment against US/GSA, Opposition to the US's Motion to Dismiss and/or Motion for Summary Judgment, Motion for Summary Judgment on its Counterclaim against Matthew Hsieh and Reply, and Defendants' Joint Motion for Summary Judgment against Matthew Hsieh and Reply.

## I.    FACTS

As set forth in CESI's Motion, there can be no genuine dispute as to the material facts that lead to the conclusion the HOTD/SDC Contract does not require that CESI to indemnify the government for the government's own negligence. The US/GSA, in its Opposition, does not point to any genuinely disputed material facts on the matter. In its

Response to CESI Statement of Material Facts, the US/GSA actually provides more facts supporting CESI's motion. See US/GSA Opp. at Statement of Facts, pp. 1-2.

For example, US/GSA's response to CESI's Statement of Material Facts Not in Dispute ("SOF") ¶ 15 provides further support for the fact that US/GSA took direct responsibility with regard to determining when manholes should be pumped. GSA employee Mr. Harry Washington testified that GSA employees were "on the street" on a daily basis, and if GSA employees saw steam coming from a manhole, GSA employees would then direct the contractor to pump out the manhole. See US/GSA Opp. at Statement of Facts, p. 1; see also SOF ¶ 15. This attempt by US/GSA to dispute SOF ¶ 15, however, is irrelevant, since US/GSA does not dispute CESI's SOF ¶ 9. As such, SOF ¶ 9 is taken as conceded, and it is undisputed that the Government, through US/GSA, had direct supervision over the work of the contractor. SOF ¶ 9 and US/GSA Opp. at Statement of Facts, p. 1.

Furthermore, US/GSA's response to SOF ¶¶ 16 and 17 supports CESI's Motion and does not contradict anything in CESI's Statement of Facts, particularly as SOF ¶ 9 is conceded by US/GSA. All of the particulars mentioned by US/GSA do not contradict the fact that it was a US/GSA employee who first went into the manhole after the incident and who told a CESI employee what to repair. If the US/GSA had completely turned over the repair and maintenance of the HOTD/SDC to a contractor, US/GSA would not have bothered to go to the scene on September 11, 2004 and stay into the early morning hours of September 12, 2004, instructing CESI on exactly what to repair. Furthermore, it was US/GSA that first heard of any problem at Manhole 42; GSA employee Harry Washington directed CESI employee Richard Matkins to go to the scene, and then Mr.

Washington himself also went to the scene.  See Exhibit O, Deposition of Harry Washington, p. 24, ln. 15 – p. 26, ln.13.  Additionally, as US/GSA states in its Opposition "the contract requires that CESI assist GSA" at a cost over and above the contract lump sum "with emergency repairs within the SDC".  US/GSA Opp. at Statement of Facts, p. 2.  That phrase sums up the HOTD/SDC Contract; US/GSA decided what needed to be done within the HOTD/SDC, and CESI assisted by doing what US/GSA directed.

Lastly, as to SOF ¶ 21, US/GSA provides no facts to dispute CESI's understanding of the HOTD/SDC Contract.  The applicable case law provides that the intent of the parties is material, in that the parties' intentions must be clear where the indemnitee is supposed to be indemnified by the indemnitor for the indemnitee's own negligence.  See U.S. v. Seckinger, 397 U.S. 203, 215, reh'g denied 397 U.S. 1031 (1970).  Since US/GSA does not specifically dispute this SOF ¶ 21, it should be deemed admitted.

## II.    ARGUMENT

The HOTD/SDC Contract should not be interpreted to mean that CESI should indemnify the government for the government's own negligence.  In its Opposition, the US/GSA selectively quotes only portions of the Insurance Clause from the HOTD/SDC Contract.  See Opp. at Memorandum, p. 2.  The US/GSA seeks to interpret certain language in isolation, which cannot be fairly done.  Significantly, the US/GSA leaves out the qualifying language after each sentence or phrase that it cites.  When the language is read in context, it becomes evident that CESI is not required to indemnify the US/GSA for the US/GSA's own negligence.

A.    **The HOTD/SDC Contract Does Not Provide for the Government to be Indemnified for Its Own Negligence.**

Indemnification by a government contractor for the government's own negligence "must be **clearly and unequivocally** indicated as the intention of the parties . . . ." U.S. v. Seckinger, 397 U.S. 203, 215, reh'g denied 397 U.S. 1031 (1970). "[A] contractual provision should not be construed to permit an indemnitee to recover for his own negligence unless the court is firmly convinced that such an interpretation reflects the intention of the parties." Id. at 211. Moreover, contracts drafted by the United States should be construed strongly against the United States. See id. at 210. There is no clear expressed intent in the HOTD/SDC Contract for CESI to indemnify the US/GSA for the US/GSA's negligence. As in Seckinger, if the language can be interpreted in several different ways, it is inherently ambiguous. See id. at 210-11. Even if such intent could possibly be read into the HOTD/SDC Contract, it would only be because the language is ambiguous and the contract must therefore be construed in favor of CESI and against the United States.

The US seeks to make CESI liable for the US's negligence when there is no language in the contract that the parties intended that result. CESI never intended to be an insurer for the entire HOTD/SDC, particularly considering how little effective control CESI had pursuant to the HOTD/SDC Contract, including the fact that CESI could only make repairs under a fairly low cost threshold, that CESI could not operate the system, and that CESI had to perform work in accordance with specific direction on the physical work to be done. The HOTD/SDC Contract can only be interpreted to mean that CESI would be liable for its own negligence or for damages resulting from its own work. CESI

did not agree to be responsible for the US/GSA's negligence or the US/GSA's work.[1] The US's attempt to read into the HOTD/SDC Contract the burdensome requirement that CESI indemnify the Government for damages resulting from the Government's own negligence should be rejected.

In its Opposition, the US rehashes and paraphrases CESI's obligations under the "Insurance Requirement" but never quotes, and cannot quote, any language in the HOTD/SDC Contract that states CESI will indemnify the Government for the Government's own negligence. See Opp. at Memorandum, p. 2, 9. Despite this, the US claims CESI's liability is unqualified and claims that "the contract provides that CESI assumes full liability and responsibility for all losses and damages to property or injuries to persons through the performance of their contract." See Opp. at Memorandum, p. 9 (emphasis in original). That, of course, is factually and legally not accurate. Section H.8.A of the HOTD/SDC Contract, also known as the "Insurance Requirement," actually states:

> The Contractor assumes full liability and responsibility for all losses and damages to property or injuries to persons occasioned through the performance of any services or the use, maintenance and operation of equipment and vehicles **by the Contractor's employees and agents**. At its own expense, the Contractor must maintain adequate insurance coverages during the life of this contract against all claims for damages and/or injuries. The Contractor shall maintain any legally required insurance with respect to its employees and agents. The Government shall be indemnified and saved harmless against claims for damages and/or injuries. Liability insurance coverages, written on the comprehensive form of policy, are required in the following minimum amounts . . .

---

[1] Significantly, the US/GSA handled other aspects of the HOTD/SDC, including but not limited to having its own employees operate the system; the government cannot expect the contractor to indemnify the government for the government's own negligence in performing such work.

(<u>See</u> SMF ¶ 19.)  Contrary to the US's assertion, CESI's liability was not "unqualified." The US, in its Opposition, just chooses to ignore the qualifying language by reading certain phrases in a vacuum.  <u>See</u> Opp. at Memorandum, p. 9.  The HOTD/SDC Contract states that CESI will be liable for damages that are caused by CESI's employees and agents.  Nowhere does it state that CESI is liable for all damages regardless of whether CESI employees or agents are at fault.  Moreover, nowhere does the HOTD/SDC Contract state that CESI will indemnify the Government for the Government's own negligence.

To support its contention that CESI agreed to indemnify the Government for the Government's own negligence, the US cites to two cases from this Court, which cases, however, are distinguishable on their facts.  The US first cites to <u>Kaiser v. Ramada Hotel Operating Co.</u>, No. 90-0462, 1991 WL 283726 (D.D.C. Dec. 19, 1991).  The plaintiff in <u>Kaiser</u> was a third party who was struck by a van driven by an employee of Atlantic Garage.  <u>See id.</u> at *1.  The plaintiff filed suit against Atlantic Garage and Ramada Hotel, among others.  <u>See id.</u>  Ramada cross-claimed for indemnification based on a lease agreement entered into between Ramada and Atlantic Garage.  <u>See id.</u> at *4.  That agreement "require[d] Atlantic Garage to indemnify and hold Ramada harmless **for all losses** incurred by reason of Atlantic Garage's neglect or use of the premises **which are not caused solely by Ramada's negligence.**[2]"  <u>Id.</u> (emphasis added).  Therefore, because the jury found negligence on the part of the Atlantic Garage, "and clearly did not find that

---

[2] Had the indemnification language not excluded damages "caused solely by Ramada's negligence" this indemnification provision would be virtually identical to the indemnification language in <u>Seckinger</u>, which had stated that the contractor "shall be responsible for all damages to persons or property that occur as a result of his fault or negligence."  <u>See U.S. v. Seckinger</u>, 397 U.S. at 204.  The <u>Seckinger</u> Court held that such language was insufficient to require a private contractor to indemnify the Government for the Government's own negligence.  <u>See id.</u> at 216-17.  The language in the HOTD/SDC Contract does not contain the <u>Ramada</u> clause; the HOTD/SDC Contract language is more akin the language in the <u>Seckinger</u> case.

Ramada was the sole negligent actor, the express terms of the lease require Atlantic Garage to indemnify Ramada for Ramada's share of the judgment." <u>See</u> <u>id</u>.

Kaiser is inapposite for two reasons. First, the indemnification language in <u>Kaiser</u> provided that the indemnitor was liable for all damages whether the indemnitor was wholly or partly at fault. <u>See</u> <u>id</u>. at *4. Here, unlike the agreement in <u>Kaiser</u>, CESI only assumed liability for damages caused by CESI's negligence. Kaiser agreed to be responsible for all damages even if it only was partly negligent. CESI did not so agree. Second, the indemnification agreement at issue in <u>Kaiser</u> was between two private parties. <u>See</u> <u>id</u>. at *1. Both parties to the transaction were free to negotiate whatever indemnification provision they chose to negotiate. Here, however, as discussed by the Supreme Court in <u>Seckinger</u>, 397 U.S. at 212, there were unique discrepancies in bargaining power between the Government and its private government contractor. It is for that reason that the <u>Seckinger</u> court required unequivocal clarity before imposing liability on a private contractor for the government's negligence.

The US also cites to <u>Hudert v. Alion Sci. & Tech. Corp.</u>, No. 05-545, 2007 WL 666567 (D.D.C. March 2, 2007). The facts of that case were fully recited in an earlier decision in <u>Hudert v. Alion Sci. & Tech. Corp.</u>, 429 F. Supp. 2d 99 (D.D.C. 2006), reconsideration granted <u>Hudert v. Alion Sci. & Tech. Corp.</u>, No. 05-545, 2007 WL 666567 (D.D.C. March 2, 2007), and are distinguishable from those presented here. The <u>Hudert</u> case involved a wrongful death claim brought by the family of a deceased employee against his employer, who was a subcontractor under a prime contract between another contractor and GSA. <u>See</u> <u>Hudert</u>, 429 F. Supp. 2d at 102. Unlike the general maintenance contract held by CESI, the GSA construction contract at issue in <u>Hudert</u> was

for a specific "replacement of high pressure steam and condensate lines under 17th Street N.W., Washington D.C." See id. at 102. The decedent had died of injuries sustained on-site at the construction area at 17th Street. See id. at 101.

The defendant employer, in Hudert, brought a third-party claim against the United States for contribution. Id. at 106; see also Hudert v. Alion Sci. & Tech. Corp., No. 05-545, 2007 WL 666567 at * 1 (D.D.C. March 2, 2007) (granting motion for reconsideration and granting the United State's motion to dismiss contribution claim). Ultimately, the court held that the plain language of the GSA contract barred the defendant employer from receiving contribution from the United States. Id. at * 5. The contract in that case stated:

> [t]he Contractor shall save harmless and provide indemnity for the Government against any and all liability, claims and costs of whatever kind and nature for injury or death to any person or persons and for loss or damage to any property (Government or otherwise) occurring in connection with or in any way incident to or arising out of the performance of work in connection with this contract, *resulting in whole or in part from the negligent acts or omissions of the contractor* . . . [emphasis in original[3]]

See id. at * 3.

Unlike the contract in Hudert, the HOTD/SDC Contract **does not** state that CESI is liable for all damages resulting in whole or in part from the negligent acts or omissions of CESI. On the contrary, the contract makes no mention of how liability will be borne in the event CESI is partly negligent or not at all negligent. Instead, the contract only

---

[3] In its Opposition, the US did not mention the court's sole emphasis on the words "*resulting in whole or in part from the negligent acts or omissions of the contractor*". See Opposition at 8. Instead, the US attempts to paraphrase the court, saying that the contractor agreed to "save harmless and indemnify the Government against any and all liability." See id. at 8. The US's over-simplification of the case misconstrues the court's analysis, which actually focused on the "*resulting in whole or in part from the negligent acts or omissions of the contractor*" language. That language is not present in CESI's contract.

states that CESI "assumes full liability and responsibility for all losses and damages . . .
occasioned . . . **by the Contractor's employees and agents . . . ."**

### B.     CESI is Protected by the Government Contractor Defense.

Additionally, the law recognizes that when a contractor follows the Government's
specifications, the contractor is protected against the consequences of following those
specifications.   See Boyle v. United Technologies Corp., 47 U.S. 500 (1988).   The
Government Contractor Defense applies to maintenance contracts like the HOTD/SDC
Contract.   See, e.g., Hudgens v. Bell Helicopters/Textron, 328 F.3d 1329 (11th Cir. 2003).
The HOTD/SDC Contract provided the specifications for the work to be done by CESI.
Additionally, pursuant to the HOTD/SDC Contract, the government retained more than
the ability to "inspect".   As discussed in CESI's original Motion, and as conceded by the
US/GSA, the US/GSA had "direct supervision" over the work.   SOF ¶ 9.   The US/GSA
also exclusively retained the ability to operate the system; CESI could not turn the steam
system on or off to any particular section of the Steam Distribution Complex.   SOF ¶ 14.
Additionally, US/GSA set proscribed schedules and checklists for the physical work to be
done by the contractor.   SOF ¶ 10.   In further support, CESI incorporates herein its
Opposition to US/GSA's Motion to Dismiss and/or Motion for Summary Judgment.

In summary, the US/GSA was aware of known risks associated with the
degradation and aging of the Steam Distribution System, including leaks from aged pipes.
The HOTD/SDC Contract drafted by the US/GSA did not provide for additional
procedures to address these known risks, but provided a particular schedule for
inspections and preventative maintenance, with specific checklists as to how the physical

maintenance was to be done.  The US/GSA also chose not to make certain capital improvements and also chose to exclude such improvements from the HOTD/SDC Contract.  CESI should not be held responsible for the United States' decision to defer making the repairs necessary to prevent such known risks, such as frequent leaks from the steam pipes, associated with the aging HOTD/SDC.

## III.    **CONCLUSION**

CESI clearly did not contract to be the insurer for the entire Steam Distribution Complex.  The HOTD/SDC Contract does not state that CESI would be liable for all damages when negligent acts of the US/GSA caused or contributed to such damages. The US/GSA's attempt to read such oppressive indemnification language into the contract should be rejected.  The law is clear that government contractors must clearly and unequivocally agree to indemnify the Government for the Government's own negligence. There was no such agreement in this instance.  The US has failed to quote any language in the HOTD/SDC Contract that contains such an indemnification or any case law supporting its strained interpretation.

WHEREFORE, for the reasons stated in CESI's Motion and this Reply, and the other pleadings incorporated herein, Consolidated Engineering Services, Inc. respectfully requests that this Honorable Court grant partial Summary Judgment in its favor on US/GSA's cross-claim against CESI for indemnity and contribution to the extent any judgment may be rendered in favor of plaintiff Natalie Hsieh and/or plaintiff Matthew Hsieh against US/GSA for any negligence of US/GSA.  CESI further requests an award of its costs and attorneys' fees and such other relief as the Court deems proper.

CONSOLIDATED ENGINEERING
SERVICES, INC.

By:    /s/ David D. Hudgins
       David D. Hudgins (D.C. Bar # 362451)
       HUDGINS LAW FIRM, P.C.
       515 King Street, Suite 400
       Alexandria, VA 22314
       Tel: (703) 739-3300
       Fax: (703) 739-3700
       *Counsel for Consolidated Engineering
       Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via electronic filing this 10th day of December 2007 to:

Karen L. Melnik
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
*Counsel for Federal Defendants*

Mary Malloy Dimaio
Maher & Associates
Nottingham Center, Suite 410
502 Washington Avenue
Towson, MD 21204
*Counsel for Third-party Defendant Day &
Zimmerman Services, Inc.*

Robert B. Adams
Timothy R. Obitts
Gammon & Grange, P.C.
8280 Greensboro Drive, 7th Floor
McLean, VA 22102
*Counsel for Plaintiffs*

/s/ David D. Hudgins
David D. Hudgins