UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIE T. HSIEH, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-1218 (CKK) |
| ) | |
| CONSOLIDATED ENGINEERING ) | |
| SERVICES, INC., *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF'S REPLY TO FEDERAL DEFENDANT'S SUPPLEMENTAL
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT**

I.  **Introduction**

On August 7, 2008, the Court issued its Memorandum Opinion and Order partially granting Federal Defendants' Motion to Dismiss. Specifically, it found that that the Court lacks jurisdiction over the Federal Defendants pursuant to the independent contractor exception of the Federal Tort Claims Act where Federal Defendants contractually delegated authority to Consolidated Engineering Services, Inc. ("CESI"). The Court found the Steam Distribution Complex ("SDC") contract held CESI responsible for "inspecting the SDC and performing preventative maintenance and repairs under $1,000 (hereinafter "minor repairs"), but ... [Federal Defendants] retained responsibility for capital improvements and repairs over $1,000 (hereinafter "major repairs") (R. 78, Memorandum Opinion at p. 3). The Court then invited the parties to brief the issue of "whether the Federal Defendants' decisions as

to capital improvements *and* major repairs fall within the scope of the discretionary function exception to the FTCA" (R. 78, Memorandum Opinion at p. 4, emphasis added). Moreover, the Court delayed ruling on whether Federal Defendants validly delegated their duty to warn because the Court determined its analysis would be purely academic if such a duty is encompassed by the discretionary function exception.

II. **The Discretionary Function Exception to the FTCA Applies to Limited Circumstances Involving Social, Economic or Political Policy**

The Federal Tort Claims Act ("FTCA") grants district courts jurisdiction over cases against the United States in suits alleging:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
> 28 U.S.C. § 1346.

Congress limited its waiver of the United States' sovereign immunity where the government delegated its duty to an independent contractor, the "independent contractor exception" or where governmental agencies or employees have discretion to perform their functions or duties, the "discretionary function exception." *See* 28 U.S.C. §§ 1346(b), 2680(a). As this Circuit has noted, the discretionary function exception "was designed to prevent the courts from 'second guessing,' through decisions in tort actions, the way that government officials choose to balance economic, social, and political factors as they carry out their official duties." *Cope v. Scott*, 45 F. 3d 445, 448 (D.C. Cir. 1995) (citing *United States v. Varig Airlines*, 476

2

U.S. 797 (1984), *United States v. Gaubert*, 499 U.S. 315). However, "[o]nly discretionary actions of greater significance-'those grounded in social, economic, or political goals,'-fall within the protection of the statute." *Id.*

It is well established that the two-step *Guabert* test determines whether the discretionary function exception applies. *United States v. Gaubert*, 499 U.S. 315. Under this test, one first determines whether any "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Gaubert*, 499 U.S. at 322. If there is no specifically prescribed course of action, then the inquiry turns to whether the decision involving choice is " 'susceptible to policy judgment' and involves an exercise of 'political,' social, [or] economic judgment.'" *Cope*, 45 F. 3d at 448.

In the instant case, it is undisputed that no federal statute, regulation or policy specifically instructs the Government Service Administration (GSA) on maintaining or improving the SDC. Therefore, we agree with Federal Defendants that the analysis hinges on the second prong of the *Gaubert* test: whether the decisions to make capital improvements and/or major repairs to the SDC was based on social, economic or policy considerations.

Plaintiffs do not dispute that capital improvements to the 1933 SDC necessarily require a cost benefit analysis and involve economic and policy considerations of how GSA should allocate its resources. Moreover, Plaintiffs agree that this court should not second guess GSA's decision not to replace the entire failing SDC or make infrastructure changes and initiate *preventative* maintenance in lieu of other public safety concerns. However, the statute and case law Federal Defendants cite are not so

3

broad as to create a far reaching discretionary exception for all routine repairs arising when something breaks on federal property.

### III. The Discretionary Function Exception of the FTCA Does Not Apply to Routine Maintenance & Repairs

Federal Defendants would have the court believe that all "maintenance" projects are capital projects involving policy considerations associated with overseeing Federal buildings and are therefore regulatory in nature. In each case Federal Defendants cite, the courts found that the only way to "maintain" or "repair" a problem so as to have prevented the injury would have been to replace the entire existing structure which would have required significant capital improvements. *Baum v. United States*, 986 F.2d 716 (4th Cir. 1993)(finding that replacing a major element of a substantial public facility similar to design and construction decisions and that the only maintenance was outright replacement); *Mitchell v. United States*, 225 F.3d 361 (3rd Cir. 2000)(finding that the entire roadway needed massive repairs); Cope v. Scott, 45 F.3d 445 (D.C. Cir. 1995) (finding the only way to avoid slippery road conditions in the specific area was to resurface the entire road). However, the decision to undertake capital improvements cannot be conflated with routine maintenance decisions ensuring public safety and immediately necessary when something breaks. Undertaking a capital improvement project is distinct from the decision whether to repair a broken pipe, valve or remove water that leaked intermittently in a manhole.

This Circuit in *Cope* noted that questions of routine maintenance, such as the mundane decision to fill or not fill potholes are not excepted from the FTCA. *Cope*, 45 F. 3d at 451 (citing *ARA Leisure Services v. U. S.*, 931 F.2d 193 (9th Cir. 1987). If the

court had found otherwise, the second step of the analysis would be eviscerated and would "allow the exception to swallow the FTCA's sweeping waiver of sovereign immunity." *Id.* "It would be wrong to apply the discretionary function exception in a case where a low-level government employee made a judgment not to post a warning sign, or to erect a guardrail, or to make a safer path. Such a judgment would be no different than a judgment made by a private individual not to take certain measures to ensure the safety of visitors. To interpret such a judgment as discretionary would be too expansive an interpretation of Congress' intent in creating the discretionary function exception." *Farber*, 56 F. 3d at 1125.

Neither policy nor economic considerations instructed a federal employee whether to fix the discrete problem of burning steam emanating from manhole 42. Moreover, if fixing this problem was anticipated to cost over $1,000, it was within Federal Defendants' authority and should not be excepted under the discretionary function exception of the FCTA. These decisions do not require economic policy analysis regardless of the fact that it may be submitted under a line item to Congress. Rather, it is a routine decision to repair an existing problem in order to prevent the entire system from shutting down and potentially harming the public. When the "conduct [is] the same as that of a private citizen who fails to take proper action to ensure the safety of visitors on its property [the government] is thereby liable for negligence." *Farber v. U.S.*, 56 F.3d 1122 at 1125 (9th Cir. 1995).

IV.  **The Discretionary Function Exception of the FTCA Does Not Apply to Failure to Warn in the Instant Circumstances**

Federal Defendants failed to warn Plaintiffs of the hazardous condition on the sidewalk in front of the FBI building at or near the corner of 10th Street and Pennsylvania Avenue, NW in the District of Columbia. When no specific statute, regulation or policy specifically prescribes the policy, we once again turn to the question of whether this decision was based upon, economic, social or policy considerations. 10th Street and Pennsylvania Avenue, NW in the District of Columbia is at the corner of a well traveled area in a downtown business district surrounded by tourist attractions and street signs are posted at every corner. Unlike cases involving the posting of signs in natural parks where courts found the government factored policy considerations such as the enjoyment of the park in its natural state when it decided not to post signs, the government cannot articulate a reason why it did not post sign warning of the hazardous steam in the downtown business district. *See Elder v. United States,* 312 F.3d 1172 (10th Cir. 2002); *Bauman v. United States,* 820 F.2d 1393 (4th Cir. 1987); *Zumwalt v. United States,* 928 F.2d 951 (10th Cir. 1991). In *Cope,* this Circuit found that the government's failure to post warning signs along a dangerous portion of Beach Drive in Rock Creek Park was not excepted under the FTCA. *Cope,* 45 F.3d at 452. In *Summers,* the court found that failure to warn of hot coals contained in a fire ring on a beach was not excepted under the FTCA. *Summers v. United States,* 905 F.2d 1212 (9th Cir 1990). Similarly, where the government failed to adequately warn of a dangerous condition in a down town business district, it should not be excepted under the FTCA.

## V.     Conclusion

For the foregoing reasons and the reasons stated in Plaintiffs' Opposition to United States of America's Motion for Summary Judgment, the Court should find that it has jurisdiction over Federal Defendants because the discretionary function exception of the FTCA is not applicable where Plaintiff's injuries were proximately caused by Federal Defendants' failure to perform routine maintenance or major repairs over $1,000 on the SDC and failure to post warning signs for hazardous conditions on property it owned in the downtown business district of the District of Columbia.

>                          Respectfully Submitted
>                          Natalie Hsieh
>                          By Counsel

Date: October 17, 2008

_____--s-_____
Robert B. Adams, DC Bar No. 189515
Timothy R. Obitts, DC Bar No. 478470
Gammon & Grange, P.C.
8280 Greensboro Drive, 7TH Flr.
McLean, Virginia 22102
(703) 761-5000
Counsel for Plaintiff Hsieh

## Certificate of Service

I hereby certify that on this 17th Day of October, 2008, I served true and complete copies of the foregoing via electronic filing on the following counsel of record:

Diane Sullivan, Esq.
Assistant U.S. Attorney
555 4th Street, NW
Washington, DC 20530
Counsel for the Federal Defendants

David D. Hudgins, Esq.
515 King Street, Suite 400
Alexandria, VA 22314
Counsel for Consolidated Engineering
Services, Inc.

Mary Malloy Dimaio, Esq.
502 Washington Ave.
Suite 410
Towson, MD 21204
Counsel for Day & Zimmerman, Inc.

              --s--
_____
Timothy R. Obitts